OWEN, Judge.
Appellant, defendant owner-mortgagor, appeals from a final judgment foreclosing certain mortgages on its property.
The facts are abbreviated because, while the appeal was pending, appellant and ap-pellee Lole Faruolo, the plaintiff first mortgagee, settled their respective differences and pursuant to Rule 3.13(a), F.A.R., 32 F.S.A., filed with this court a signed *95 stipulation for dismissal of the appeal as to the appellee, Faruolo. The cause remains as to the other appellees, neither of whom have filed a brief.
Appellee Lole Faruolo held a purchase money first mortgage on the property involved. Named as defendants in the mortgage foreclosure suit were (1) appellant Dominion as the owner-mortgagor, and (2) Capital National Bank of Miami as holder of a subsequently executed mortgage covering a portion of the real and personal property involved. Dominion crossclaimed against Capital National Bank, to have the mortgage held by the latter cancelled as a forgery and to recover damages, and filed a third party complaint against one Eugene Tannebaum for damages caused by his alleged forgery of the mortgage to the bank. To complete the picture, the bank cross-claimed to foreclose the mortgage which Dominion claimed to be a forgery.
During the progress of the suit, Dominion was ordered to pay to the receiver of the property the amount of the 1970 real property taxes, and when Dominion failed to do so, the court held Dominion in contempt, struck all of its pleadings, including the claim against Tannebaum upon which Dominion had obtained a default judgment, and granted Faruolo and Capital National Bank the respective relief each sought against appellant and its property.
We are satisfied that the court committed error in holding appellant in contempt of court and striking its pleadings and thereafter entering both default and summary judgments against it. Hovey v. Elliott, 1890, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Palm Shores v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52; cf. Popkin v. Crispen, Fla.App.1968, 213 So.2d 445; Parham v. Kohler, Fla.App.1961, 134 So.2d 274.
Although it appears that such error was undoubtedly harmless as to appellee Faruolo (since Dominion’s default under the Faruolo mortgage appears to be unre-futed), this issue is rendered moot in view of the settlement as between appellant and Faruolo mentioned above. The final judgment is reversed in all respects except as to those portions granting relief to appellee Lole Faruolo, as to which portion the same is affirmed. This cause is remanded with instructions to reinstate appellant’s pleadings as to appellee Capital National Bank of Miami and appellee Tannebaum and for further proceedings thereon not inconsistent herewith.
Affirmed, in part, and reversed, in part, and remanded with directions.
REED, C. J., and WALDEN, J., concur.