**In re ROVINE CORPORATION, Debtor-in-Possession under Chapter 11.**

**BURGER KING CORPORATION,
Plaintiff,**

**v.**

**ROVINE CORPORATION, Defendant.**

**Bankruptcy No. 80–21253.
Adv. No. 80–0248.**

United States Bankruptcy Court,
W. D. Tennessee, W. D.

Aug. 4, 1980.

Kent Wunderlich, Memphis, Tenn., for plaintiff.

Preston Wilson, Memphis, Tenn., for defendant.

## MEMORANDUM OPINION

WILLIAM B. LEFFLER, Bankruptcy Judge.

### I

This adversary proceeding was instituted by the plaintiff's filing of a "Complaint to

Enforce Agreement Not to Compete." On May 2, 1980, the defendant, Rovine Corporation, filed a petition under Chapter 11 of the Bankruptcy Code. At the time of the filing of the Chapter 11 petition, the defendant was a franchisee of the plaintiff, Burger King Corporation. The franchise agreement contained a clause which provided that upon termination of the franchise agreement and for a period of 18 months thereafter, the defendant would not engage in any business which was the same or similar to the plaintiff's in a location within a 5 mile radius of the franchise premises.

On July 18, 1980, the defendant, pursuant to § 365 of the Bankruptcy Code, rejected the franchise agreement. This Court subsequently entered an order directing that the defendant cease doing business as a Burger King franchise as of August 1, 1980. At the time of the rejection of the franchise agreement the defendant was operating only one store as a Burger King franchise. As part of its reorganization under Chapter 11 the defendant intends to continue to operate the store in question as a "fast food" restaurant serving food items both similar to and different from those served by Burger King.

## II

The primary issue now before the Court is whether the covenant not to compete survived the rejection of the franchise agreement or whether it was effectively rejected along with the agreement's other provisions. The plaintiff contends that only contractual provisions which are executory in nature can be rejected pursuant to section 365 of the Code, and that the covenant not to compete is fully executed. The plaintiff, therefore, requests a temporary injunction restraining competition by the defendant for the 18 month period stated in the covenant not to compete. The defendant contends that the rejection of the franchise agreement on July 18, 1980, constituted a rejection of all provisions of the agreement, including the covenant not to compete.

## III

With certain exceptions, a debtor-in-possession under Chapter 11 exercises the rights and powers of a Chapter 11 trustee. 11 U.S.C. § 1107(a).[1] Standing in the shoes of a Chapter 11 trustee, a debtor-in-possession may, therefore, reject executory contracts under 11 U.S.C. § 365(a)[2]. Since the Bankruptcy Code does not provide a statutory definition of "executory contracts" the Court must look to case law for the applicable definition. Before discussing relevant judicial definitions of "executory contracts", the Court turns its attention to the plaintiff's argument which compares the franchise agreement to a lease agreement and cites 8 *Collier on Bankruptcy* Par. 3.15 at page 206 footnote 28 (14th ed.). This citation to *Collier's* deals with the rejection of unexpired leases under § 70b of the Bankruptcy Act and reads as follows:

"§ 70b provides in part that 'unless a lease of real property shall expressly otherwise provide a rejection of the lease or of any covenant therein by the trustee of the lessor does not deprive the lessee of his estate.' *The use of the words 'the lease, or any covenant therein', does not mean that some executory covenants can be rejected and others assumed. It is rather a recognition that only executory covenants, and not executed ones, can be rejected.*" (Emphasis added).

1. § 1107. Rights, powers, and duties of debtor in possession.

(a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this Chapter.

2. § 365. Executory contracts and unexpired leases.

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

Therefore, the issue narrows down to the question of whether or not this covenant not to compete is executory in nature or whether it is fully executed and therefore cannot be rejected under § 365 of the Bankruptcy Code. The courts have for years struggled to define the meaning of the term "executory contract" as used in the bankruptcy or rehabilitation context. See, Countryman, Executory Contracts in Bankruptcy, 57 Minn.L.Rev. 439 (1973) and 58 Minn.L.Rev. 479 (1974). It is conceded in the legislative history to § 365(a) of the Code that no precise definition exists but it is noted that executory contracts generally include contracts on which performance remains due to some extent on both sides. H.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 347, U.S.Code Cong. & Admin.News 1978, p. 5787; S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) 48, U.S.Code Cong. & Admin.News 1978, p. 5787. More specifically, however, an executory contract has been defined as one in which a party binds himself to do or *not do a particular thing*, whereas an executed contract is one in which the object of the agreement is already performed. *Farrington v. Tennessee*, 95 U.S. 679, 683, 24 L.Ed. 558 (1877); *In re American Magnesium Company*, 488 F.2d 147, 152 (5th Cir., 1974).

 In the instant case, the defendant obligated itself not to compete with the plaintiff for a set period of time in the future after the termination of the franchise agreement. This was an obligation not to do a particular thing which squarely falls within the definition of executory contracts as found in *Farrington v. Tennessee*, supra, and *In re American Magnesium Company*, supra. Therefore, the Court holds that the covenant not to compete was executory in nature and as such was rejected on July 18, 1980. The effect of the rejection was to relieve the defendant and its estate of the obligations imposed via the covenant not to compete. See, *In re Middleton*, 3 B.R. 610, 613 (B.Ct. E.D. Pa., 1980).

### IV

 The Court is fully appreciative of the interest that the plaintiff has at stake in this matter. But it must be remembered that a Chapter 11 reorganization is intended to work for the benefit of all creditors of the estate. One means given to a Chapter 11 debtor-in-possession to accomplish this intended purpose is the right and power under § 365(a) to reject executory contracts which are burdensome to the estate. Therefore, the Court must refuse the plaintiff's request for a temporary injunction.

### V

In order to minimize any harm that may flow to the plaintiff, the defendant is hereby ordered to immediately remove and cease to use all signs, advertisements, promotional or instructional material, supplies or other paraphernalia that are specifically labeled or designated as or with Burger King designs, emblems, slogans or trademarks.