393 So.2d 75 (1981)
Mike BRANNON, Appellant,
v.
AUTO CENTER MANUFACTURING CO., Appellee.
No. 80-363.
District Court of Appeal of Florida, Fifth District.
February 4, 1981.
*76 William D. Palmer and Christine K. Bilodeau of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a summary final judgment enjoining him from accepting competing employment.
Appellant had been employed by appellee and as a condition of his employment, he executed an agreement not to compete for a period of one year after termination. After leaving Auto Center Manufacturing Company on March 22, 1979, he accepted a position with a competing company. Appellee sued seeking a permanent injunction and damages arising from appellant's breach of the agreement.
The trial court granted appellee's motion for partial summary judgment and enjoined appellant from accepting employment with a competing company for a period of one year. The court retained jurisdiction to consider an award of damages, attorney fees and costs. Appellant filed his notice of appeal from the partial final judgment.
Appellant raises as error that the lower court improperly granted an injunction against him.
The injunction was entered on March 3, 1980, nineteen days prior to the date the non-compete agreement was to expire according to its own terms. Subsequently, appellee applied for an award of damages. At the hearing on damages, the parties stipulated before the court the terms of a settlement. The court recited that the terms of the settlement were set forth as a part of the final judgment. The final judgment for damages was entered awarding appellee $14,000; $3,000 of which were for attorney fees and $11,000 for "damages sustained by appellee as a result of the loss of profit and unfair competition of the appellant in violating the terms of the employment contract from the date of termination of employment up until the date of the entry of this final judgment." No mention was made as to the disposition of the injunction. No appeal was taken from the damage judgment and no application was made to the trial court to cancel the injunction because of the settlement.
Appellant contends, in effect, that the lower court improperly granted the injunction against him because it cannot award damages for breach of the agreement and enjoin defendant for the entire contract period also.
While courts may award damages for breach of an agreement not to compete, the usual remedy is to grant an injunction. Miller Mechanical Ins. v. Ruth, 300 So.2d 11 (Fla. 1974); Kenco Chemical & Mfg., Co. Inc. v. Railey, 286 So.2d 272 (Fla. 1st DCA 1973). Injunctive relief is the favored remedy because damages resulting from competition by the former employee are difficult to ascertain with the degree of certainty that is required; without an injunction against competition, the employer would be unable to enforce or receive the benefit of the agreement. Miller Mechanical at 13; Capelouto v. Orkin Exterminating Co. of Fla., 183 So.2d 532 (Fla. 1966). Injunctive *77 relief is also afforded by section 542.12(2), Florida Statutes (1979). A one year injunctive period of noncompetition after the contract period has expired has been held improper. See Royal Services, Inc. v. Williams, 334 So.2d 154 (Fla.3d DCA 1976). However, the Florida Supreme Court, in Capelouto approved an injunctive period of two years after the contract period had expired.
It is clear, however, that it is not proper to award damages for the breach and to enforce the entire contract. For example, it would be improper for the court to award all damages flowing from the breach of a construction contract and then require the contractor to build the structure. In an action for breach of contract, the aim is to award a sum which is equivalent to the performance of the bargain; the attempt should be to place plaintiff in the position he would have been had the contract been fulfilled. Ashland Oil v. Pickard, 269 So.2d 714 (Fla.3d DCA 1972).
In the case before us, it was error to enter a permanent injunction as opposed to a temporary injunction pending resolution of the question of damages.
We cannot determine whether this question has been rendered moot by settlement because of the absence of any reference to the injunction in the settlement which was made a part of the final judgment on damages. See, e.g., Dominion Properties v. Faruolo, 264 So.2d 94 (Fla. 4th DCA 1972). If the settlement covered all damages arising from the breach, the appeal is moot and the injunction is of no further force or effect. We therefore remand to the trial court to determine whether the stipulation of the parties constituted a settlement of all damages arising from the breach.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.