In re Curtis Allen **COOPER** and Wilda Joyce Cooper, Debtors.

**CARSTENS HEALTH INDUSTRIES, Plaintiff,**

v.

Curtis Allen **COOPER** and Wilda Joyce Cooper, Defendants.

Bankruptcy No. 85–00076–1.

United States Bankruptcy Court, W.D. Missouri.

March 29, 1985.

---

Norris E. Greer, Kansas City, Mo., for plaintiff.

David Rhodus, John R. Stonitsch, Kansas City, Mo., for debtors.

### MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Prior to the filing of this petition in bankruptcy debtor Curtis Cooper was employed by Carstens Health Industries, Inc., hereinafter Carstens. About the time of filing debtor was employed by a company allegedly engaged in the same business. Carstens has moved for relief from the automatic stay to permit it to seek enforcement in state court of a non-competition agreement signed by debtor. Debtor responds by contending that the obligations under the agreement are executory and may be rejected and that they may be estimated and discharged as a claim under Section 502(c) of the Code, Title 11, U.S.C.

I

The agreement between Carstens and debtor provides in part that upon termination and for 18 months thereafter the employee will not:

"1. Solicit any of Carstens' clients for whom you worked at the effective date of termination of your employment, or

within the 12 month period preceding such date; or

2. Solicit any of Carstens employees to terminate their employment or cause them to be so solicited.

You also agree that confidential information disclosed or made available to you in the course of your employment will not be disclosed to others outside Carstens, or availed of by you for your own benefit without prior written authorization from Carstens. You further agree that you will not copy or take possession of any written material in Carstens' offices, or of any studies or projects on which you work, all property rights in these materials being Carstens alone ..."

About 6 months of the 18 months remain on the term of the non-competition agreement.

■ Section 365 of the Code permits a debtor to reject an executory agreement. The term "executory" is not defined but is generally taken to mean any agreement in which substantial performance obligations remain on each party. *In re Knutson*, 563 F.2d 916 (8th Cir.1977). Determination of whether an agreement is executory requires a careful examination of the facts in each case.

Here the agreement which is the subject of dispute was part of the terms of debtor's employment. There is no evidence that the other terms of employment were reduced to writing. An employment contract contemplates pay for work. Here that relationship has been terminated and debtor has no obligation to work for Carstens and Carstens has no obligation to pay. The non-competition agreement is alleged to remain. Although there was no evidence taken at the hearing, there is no suggestion or argument on behalf of debtor that Carstens has any performance remaining.

■ On the other hand debtor's obligation under the non-competition agreement remains executory. But he cannot reject unless the entire agreement is executory. It does not appear that such is the case.

*In re Rovine Corporation*, 5 B.R. 402 (Bkrtcy.W.D.Tenn.1980) is distinguishable. In that case the court concluded that the obligation not to compete was executory because debtor still had a duty not to do a particular thing. Upon reconsideration, *In re Rovine*, 6 B.R. 661 (Bkrtcy.W.D.Tenn. 1980) the court re-examined the context of the relationship and concluded that the agreement was executory because the franchise agreement was not merely the grant of a license but also required the franchisor to provide services to the franchisee (debtor in the case) over the life of the agreement.

■ The Court finds here that the agreement is not executory, Carstens having no performance obligation, and therefore the non-competition requirement may not be rejected. Compare *In re Norquist*, 43 B.R. 224 (Bkrtcy.E.D.Wash.1984) and *Matter of Sapse*, 31 B.R. 914 (Bkrtcy.S.D.Fla.1983) with the present facts.

## II

■ Carstens contends that the issue here is not a core proceeding and therefore may not be considered by this Court. Purely as a procedural matter the Court notes that the abstention authority contained in Section 1334(c)(2) of Title 28, U.S.C., is to be exercised by the district court and not this court. So far as the record reflects there is no request to the district court to abstain.

■ But Carstens' argument ignores too many preliminary questions by focusing only on the enforceability of the non-competition agreement. The issues presented to this Court only peripherally involve that question. The request for relief from the stay is a core proceeding, Section 157(b)(2)(G), as are the "allowance or disallowance of claims", Section 157(b)(2)(B), Title 28, U.S.C. A claim includes a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment

...". Section 101(4) of the Code, Title 11, U.S.C.

There is little question that the breach of performance could give rise to a right to payment. But there is. also the narrow question of whether a court may enjoin a course of conduct without regard to breach. That injunctive relief, if debtor complies with such an order, would not give rise to a right to payment. Similarly there is a fact issue of whether there has been a pre-petition or a post-petition breach, or whether, as a matter of state law, the agreement is enforceable by this Court in determining whether a core issue was absent. Section 157(b)(3), Title 28, U.S.C.

For purposes of judicial economy the Court concludes that the question of enforceability of the agreement should be tried in state court. In addition to the fact that it is a matter of state law which is important but not completely persuasive, the passage of time will moot the issue and leave only the question of whether the cause of action, if any, accrued pre-petition or post-petition.

### III

Debtor contends that the agreement is only a claim which may be estimated and discharged under § 502(c) of the Code. That section provides, in part, that:

> "(c) There shall be estimated for purposes of allowance under this section—
>
> (1) ...
>
> (2) any right to payment arising from a right to an equitable remedy for breach of performance".

Some light is cast upon this issue by the recent Supreme Court decision in *Ohio v. Kovacs*, — U.S. —, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). There the state had a judgment directing debtor to clean up an environmental hazard. The Supreme Court held that the judgment was a claim since it was an affirmative duty which required the spending of money and could be discharged. The Supreme Court left open other penalties such as criminal prosecu-

tion. See also *In re Robinson,* 46 B.R. 136 (Bkrtcy.M.D.Fla.1985).

Here equitable relief would be a requirement that debtor not do something, i.e., not work for a competitor and call upon Carstens' customers for a limited period of time. This description is neither definitive nor intended to be binding upon another forum. It is here to illustrate the analysis. What follows is that from this there may be, if the state court were to conclude that the non-competition agreement was enforceable, an equitable remedy not reduceable to damages and therefore, not a claim. This facet of the action would be a non-core matter and it is appropriate that this issue be resolved in state court.

> "... Contracts of noncompetition ... will ordinarily be enforced in equity because, for the breach of such a covenant, there is no adequate remedy at law and the very purpose of such a contract may be met only by exact conformance to the terms undertaken ... Thus, the injunctive remedy is peculiarly appropriate both because of the obligation of the contract and because the full damage to be suffered by the breach cannot be known certainly ... Cognately, there is no need to prove damage to enforce a noncompetition employment agreement by injunction. *Long v. Huffman,* 557 S.W.2d 911, 914 (Mo.App.1977).

The stay is modified therefore to allow Carstens to proceed to judgment on the narrow issue of whether it is entitled to enforcement of the non-competition agreement. Of particular importance to this Court is an express finding as to when the cause of action, if any, accrued. Modification of the stay to permit an action for damages is granted to the extent that Carstens may plead such a claim in state court to avoid splitting a cause of action but prosecution of that claim is stayed pending further Order of the Court.