**In re Francis J. & Cynthia J. COFFEY, Debtors.**

**Bankruptcy No. 85–00180.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 21, 1985.

Robert Koch, Concord, N.H., for debtors.

William S. Gannon, Manchester, N.H., for Bank of New Hampshire.

Nancy Michels, Londonderry, N.H., trustee.

## ORDER DENYING MOTION FOR RECONSIDERATION

JAMES E. YACOS, Bankruptcy Judge.

The debtors have filed a Motion for Reconsideration of this court's order of July 9, 1985 sustaining an objection to their Chapter 13 plan. The objection was filed by the Bank of New Hampshire (hereinafter the "Bank") on the ground that the plan violated § 1322(b)(2) of the Bankruptcy Code in attempting to modify the Bank's rights under its second mortgage lien on the debtors' principal residential property.

The Bank acquired the second mortgage position by virtue of a business loan transaction with the debtors unrelated to the original acquisition of their residential property. The Bank's debt, which is secured only by the residential property, currently is in excess of $87,000. There are prior liens and unpaid taxes on the property in excess of $23,000. The debtors list the property in their schedules as having a fair market value of $105,000.

The original loan transaction between the debtors and the Bank provided that the loan was on a demand note with a variable interest rate at 2 per cent above the Bank's prime rate. The debtors' Chapter 13 plan would convert this demand loan obligation into a 30-year loan with a fixed rate of interest at 13¼ per cent.

Bankruptcy Code § 1322(b)(2) provides in part as follows:

"....the plan may....modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtors' principal residence...."

There is no question in the present case that the Bank's secured claim is secured *only* by the debtors' principal residential property. It is also obvious that under any definition the word "modify" includes the conversion of a demand note with a variable interest rate to a 30-year loan with a fixed interest rate.

Notwithstanding the foregoing statutory language, and the fact that this case comes precisely within that language, the debtors nevertheless contend that the § 1322(b)(2) prohibition does not apply when the secured claim in question is not a long term purchase-money mortgage debt relating to the residential property. They cite in this regard the cases of United Companies v. Brantley, 6 B.R. 178, 189 (Bkrtcy.N.D.Fla.1980); In re Neal, 10 B.R. 535, 4 CBC 2d 401 (Bkrtcy.S.D.Ohio 1981); and In re Morphis, 30 B.R. 589, 8 CBC 2d 952, 956 (Bkrtcy.N.D.Ala.1983). The Brantley and Morphis decisions do contain dicta to that effect, and the Neal decision is an actual ruling so construing the statutory language.

I decline to follow the Neal decision because I believe the clarity of the statutory language involved leaves no room for "interpretation" that would read out of the statute the word "only" and read into the statute a limitation referring to "purchase-money" mortgages. I also do not understand or follow the Neal Court's reasoning that § 1325(a)(5) of the Bankruptcy Code is somehow inconsistent with a strict reading of § 1322(b)(2) of the Code.

I recognize that a respectable argument can be made, as indeed is made in the three cited decisions, to the effect that Congress was focusing primarily on the long term mortgage debt situation in enacting the statutory prohibition against modification of secured claims on residential property. However, that primary focus does not ipso facto mean that Congress could not have also intended in its final legislative product to prevent the use of Chapter 13 proceedings to modify all secured claims against

residential property when no other collateral was involved. Congress may have merely concluded that the simple Chapter 13 procedures were not appropriate for such modifications—leaving such modifications to Chapter 11 where there is no prohibition. Moreover, when Congress wanted to limit avoidance provisions with regard to purchase-money transactions it knew how to use that specific language. See *Bankruptcy Code* § 522(f)(2).

Accordingly, the motion for reconsideration and vacating of this court's order of July 9, 1985 sustaining objection to confirmation of the debtors' Chapter 13 plan is hereby denied.