**In re James P. COX, Nancy A. Cox, Debtors.**

**Bankruptcy No. 85–147–Orl–BK–GP**

United States Bankruptcy Court, Middle District Florida, Orlando Division.

Oct. 15, 1985.

Michael G. Williamson, Kenneth L. Mann, Orlando, Fla., for debtors.

James L. Simon, Orlando, Fla., for Executone.

## ORDER FINDING EXECUTONE OF FLORIDA, INC., IN CONTEMPT OF COURT, WITHHOLDING SANCTIONS, AND GRANTING LIMITED RELIEF FROM THE DISCHARGE INJUNCTION

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on debtor's motion for Order of Contempt against Executone of Florida, Inc., (Executone). The motion seeks a finding that Executone is in contempt for violating 11 U.S.C. § 362 when Executone sought injunctive relief and damages against debtor, Nancy A. Cox (Cox), in a state court action based on debtor's breach of an employment contract. In response to debtor's motion, Executone filed a motion for Relief from the Automatic Stay to proceed with the pending state court suit. This motion for relief from the automatic stay was withdrawn after debtor received her discharge. Executone thereafter filed an Alternative Motion for Relief from the Discharge Injunction of 11 U.S.C. § 524.

There are two main issues before the Court:

(1) whether Executone should be found in contempt of court for violating 11 U.S.C. § 362 when it continued with the state court action after receiving notice of the bankruptcy proceeding;

(2) whether the damages and injunctive relief sought by Executone constitute a "claim" which has been discharged under 11 U.S.C. § 524.

Before the Court addresses these issues it must first make preliminary findings of fact. Debtor entered employment with Executone on or about August 17, 1984. She

voluntarily entered into an employment contract which included a "non-competition" clause. This clause covered the counties of Orange, Osceola, Seminole, Brevard, Volusia, Lake, Marion and Sumpter, and precluded debtor from working with any business in direct competition with Executone for a period of 12 months commencing on termination of her employment. On November 15, 1984, Cox terminated her employment with Executone. Cox then entered employment with Office Automation, Inc., a competitor of Executone in the affected counties in January, 1985. Executone asserts that during her employment with them, debtor learned every aspect of Executone's phone system and communication services business. Cox continues to be employed by Office Automation, Inc.

On February 6, 1985, Cox filed a voluntary petition under 11 U.S.C. Chapter 7. In her schedules, debtor listed a possible contingent liability to Executone arising out of the employment contract. On or about February 22, 1985, Executone filed suit in the Circuit Court of the Ninth Judicial Circuit of Orange County, Florida, naming debtor and Office Automation, Inc., as defendants. On May 15, 1985, debtor filed a suggestion of bankruptcy in this suit and moved to dismiss it. At a hearing on the motion to dismiss, Executone orally waived any right to damages for debtor's pre-petition breaches but reserved its right to damages for any post-petition breaches. The Circuit Judge denied the motion to dismiss and ordered debtor to answer the complaint.

■ In its memorandum of law opposing debtor's motion for contempt, Executone asserts that this Court is collaterally estopped from relitigating the state court's decision which denied debtor's motion to dismiss. The Court finds that it is not collaterally estopped from determining the issues involved in the Motion for Order of Contempt and Motion for Relief from the Discharge Injunction which is before it. All these issues were not before the state court; therefore, this Court will deal with the entire matter on the merits.

## I. CONTEMPT ISSUE

There is no question that Executone technically violated the automatic stay when it instituted the state court action against debtor based on breach of the employment contract. The question before the Court, however, is whether Executone should be found in contempt of court for continuing with the state court action once it learned of the Order for Relief.

■ Sanctions for contempt are inappropriate under the Bankruptcy Code where a mere technical violation of the stay has occurred or where the litigant has acted in good faith. *In re Bray Enterprises, Inc.*, 38 B.R. 75 (Bkrtcy.D.Vt.1984). These situations lack the element of wilfullness or maliciousness that is usually required before a court will issue contempt sanctions. In the instant matter, it is undisputed that Executone's first knowledge of the Order for Relief came when debtor filed a suggestion of bankruptcy in the state court action. The Court will not impose sanctions on Executone for filing the state court action since this was an inadvertent violation of the stay.

■ As to continuing with the state court action once the suggestion of bankruptcy was filed, this Court finds that Executone acted in good faith. It appears from Executone's argument that it believed debtor breached the employment contract each day she worked for Office Automation, Inc. Based on this assumption of a separate and distinct breach each work day, Executone waived any right to damages for the alleged pre-petition breaches while proceeding to litigate its rights to any post-petition damages. Although the Court questions the wisdom of this decision, it finds that Executone did not wilfully or maliciously violate the automatic stay. No sanctions will be imposed. This finding of good faith precludes the Court's need to address the issue of whether Executone's actions in continuing with the state court action after waiving its right to any pre-petition damages violated 11 U.S.C. § 362.

## II.  DISCHARGE ISSUE

Section 727(b) states that all debts or liabilities on a claim which arose prior to the date the Order for Relief is entered are discharged whether or not a proof of claim was filed or the claim was allowed.  See 11 U.S.C. § 101(11).  Section 524 enforces the discharge in § 727(b) by enjoining any commencement or continuation of an action against the debtor based on a debt or claim discharged.  The question the Court must first address is whether the monetary damages and injunctive relief sought by Executone constitutes a claim that could be discharged.

Section 101(4) defines "claim" to mean:
(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(4).

### A.  *Actual and Punitive Damages.*

■ Clearly, the actual and punitive damages sought by Executone constitute a "right to payment" under § 101(4)(A).  Damages are the estimated monetary equivalent of the injury sustained.  Since the right to these damages arose pre-petition, the Court would normally stop at this point and find the damage claim discharged.  However, Executone precludes this initial finding by asserting that a separate and distinct breach of the employment contract occurs each day debtor works for Office Automation, Inc.  This theory would allow a bifurcation of the claim into pre-petition damages and post-petition damages, thus permitting only the discharge of the pre-petition damages.

The Court rejects Executone's theory and finds that one breach of the employment contract occurred on the day debtor entered employment with Office Automation, Inc.  It was on this "breaching" day that Executone's right to enforce the "non-competition" clause arose and it became entitled to recover all foreseeable damages or to seek injunctive relief.  Although debtor's breach is a continuing one, it still gave rise to only one cause of action.  Accordingly, the Court finds that the discharge injunction of § 524 prohibits Executone from continuing to seek actual and punitive damages in its state court action.

### B.  *Injunctive Relief.*

■ Whether seeking injunctive relief constitutes a claim under § 101(4) is a complex question under the Code.  Section 101(4)(B) includes within the definition of "claim" the "right to an equitable remedy for breach of performance *if* such breach gives rise to a right to payment." (emphasis added) 11 U.S.C. § 101(4)(B).  In Florida, the usual remedy for breach of a "non-competition" covenant is injunctive relief.  *Brannon v. Auto Center Mfg. Co.*, 393 So.2d 75 (Fla.App. 5th Dist.1981).  "Injunctive relief is the favored remedy because damages resulting from competition by the former employee are difficult to ascertain with the degree of certainty that is required; without an injunction against competition, the employer would be unable to enforce or receive the benefit of the agreement."  *Id.* at 76.  If the state court finds that Executone is entitled to injunctive relief against debtor then this relief would not be a "claim" within the meaning of § 101(4)(B).  However, if the state court finds that Executone's injury can be adequately compensated by a monetary award then this monetary award would be a claim within the meaning of § 101(4)(B) which would be discharged under § 727(b).  The Court finds that Executone is entitled to limited relief from the discharge injunction to pursue injunctive relief against debtor.  If the state court finds that injunctive relief is inappropriate then Executone's entire claim is discharged under § 727(b).

This decision granting Executone limited relief from stay follows the Court's earlier

833

decision in *In re Robinson*, 46 B.R. 136 (Bkrtcy.M.D.Fla.1985). *Robinson* involved a Chapter 7 debtor who was required by a pre-petition judgment to restore some marshland to its natural condition. Compliance with the affirmative injunction would require a monetary expenditure from the estate. Since this injunction met all the prerequisites of a money judgment, the Court found the injunctive relief a dischargeable debt in accordance with the rationale of *Ohio v. Kovacs*, —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985).

Debtor asserts that her situation parallels *Robinson* in that the injunctive relief sought by Executone will have a "substantial" effect just as it had a "substantial" effect on the debtor in *Robinson*. The Court finds the two cases factually distinct. Compliance with the injunction in *Robinson* would have involved a "substantial" expenditure of money out of the *estate*. Compliance with an injunction in this matter will have a "substantial" effect on debtor's post-petition earnings; it will have no effect on the estate. If the state court finds Executone entitled to injunctive relief then debtor will be precluded from working for Office Automation until the end of the 12-month "non-competition" period or until sometime in January of 1986. Although this may affect debtor's post-petition financial state, debtor voluntarily agreed to this condition when she entered employment with Executone. It would be inequitable to allow a debtor to nullify a "non-competition" clause just by filing for protection under the Bankruptcy Code.

It is ORDERED as follows:

(1) Executone of Florida, Inc. is found in contempt of court for violating 11 U.S.C. § 362. No sanctions are imposed since this violation was not wilfull or malicious.

(2) Executone of Florida, Inc., is enjoined by 11 U.S.C. § 524 from continuing any action to recover pre- or post-petition damages from debtor based on breach of the employment contract.

(3) Executone of Florida, Inc., is granted limited relief from 11 U.S.C. § 524 to pursue injunctive relief against the debtor personally.