**In re Ronald Alan PELTZ, Debra Kay Peltz, Debtors.**

**Bankruptcy No. 85–663–Orl–BK–7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Nov. 27, 1985.

---

## ORDER GRANTING LIMITED RELIEF FROM DISCHARGE INJUNCTION
### (11 U.S.C. § 524)

GEORGE L. PROCTOR, Bankruptcy Judge.

Apperson Chemicals, Inc., (Apperson) moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) or alternatively for modification of the discharge injunction of 11 U.S.C. § 524. Apperson seeks this relief to continue to prosecute a state court action based upon debtor's breach of an employment contract. Debtor counters that the claim has been discharged pursuant to 11 U.S.C. § 727(b) and movant is enjoined by 11 U.S.C. § 524 from seeking monetary damages or injunctive relief based on this claim.

The facts show that debtor, Ronald Alan Peltz, filed a joint petition under 11 U.S.C. Chapter 7 with his wife, Debra Kay Peltz, on May 20, 1985. As a condition of employment, debtor entered a written employment agreement with Apperson on March 13, 1981. This Agreement contained a covenant which required debtor to neither directly or indirectly compete with Apperson for a period of twenty-four months commencing on the date employment is terminated. If breached, the Agreement provided for liquidated damages of one hundred dollars per day in addition to any other remedy existing at law or in equity.

Eight days after filing in this Court, debtor terminated his employment with Apperson. Apperson then filed suit in the Circuit Court for Duval County, Florida, asserting a post-petition breach of the covenant not to compete and seeking damages or injunctive relief.

Florida law provides for either injunctive relief or monetary damages to remedy a breach of a covenant not to compete with injunctive relief being the usual remedy. *See Brannon v. Auto Center Manufacturing Co.*, 393 So.2d 75 (Fla. 5th DCA 1981).

■ Whether these remedies can be discharged under the Bankruptcy Code turns

Andrew Baron, Orlando, Fla., for debtors.

Michael G. Williamson, Orlando, Fla., Scott Fortune, Jacksonville, Fla., for Apperson.

on the definition of "claim" in 11 U.S.C. § 101(4). Any liability on a "claim" which arose prior to the entry of an Order for Relief in a Chapter 7 proceeding can be discharged pursuant to 11 U.S.C. § 727(b).

 Injunctive relief constitutes a claim under § 101(4)(B) if the injunction gives rise to a right to payment. This Court has previously ruled that the injunctive relief sought from a breach of a covenant not to compete is not a claim under 11 U.S.C. § 101(4)(B) and cannot be discharged under 11 U.S.C. § 727(b). *In re Cox,* 53 B.R. 829 (Bkrtcy, M.D.Fla.1985); *see also In re Cooper,* 47 B.R. 842, 12 BCD 1135 (Bkrtcy, W.D.Mo.1985). Injunctive relief would prohibit the debtor from soliciting Apperson's customers. It would not require an expenditure of money, therefore, this equitable relief would not give rise to a right to payment. Accordingly, Apperson should be granted limited relief from the discharge injunction to pursue injunctive relief in the state court suit. The contractual obligation to refrain from solicitation of customers should be protected. A bankruptcy filing should not alter this right.

The undecided issue is whether the damages sought by Apperson for debtor's post-petition breach of the covenant not to compete constitutes a "claim" which is discharged under 11 U.S.C. § 727(b). In *Cox,* this Court decided that monetary damages sought to remedy a breach of a covenant not to compete constitute a "claim" within the meaning of 11 U.S.C. § 101(4)(A) that is clearly discharged if the claim arose pre-petition.

Section 101(4)(A) defines "claim" to mean:

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(4)(A).

There is no dispute that on the day relief was entered in this bankruptcy proceeding that Apperson's claim could be characterized as unliquidated, contingent, unmatured and disputed. The dispute is whether it had a "right to payment" on that day. *See Matter of M. Frenville Co., Inc.,* 744 F.2d 332, 336 (3rd Cir.1984). As a general rule when parties agree in advance that one party will pay the other party liquidated damages upon the occurrence of some certain event, "... there exists a right to payment, albeit contingent, upon the signing of the agreement." *Id.* The *Frenville* court recognized this and found that no right to payment existed in that case because there was no contract upon which to predicate the right to payment.

 In this matter Apperson and debtor had entered a written contract on March 13, 1981. Provision 4 of this contract provided that if debtor breached the covenant not to compete, Apperson was entitled to liquidated damages and injunctive relief until such breach ceased. Consequently, the "right to payment" on Apperson's claim for damages arose on the day Apperson and debtor entered into their agreement but was contingent upon the happening of an event, i.e., debtor's breach of the covenant not to compete. Since the "right to payment" arose pre-petition even though the technical "breaching day" occurred post-petition, Apperson's claim for damages is discharged under 11 U.S.C. § 727(b).

It is, therefore, ORDERED as follows:

1. Apperson Chemicals, Inc., is granted limited relief from 11 U.S.C. § 524 to pursue injunctive relief against debtor.

2. Apperson Chemicals, Inc., is enjoined by 11 U.S.C. § 524 from continuing any action to recover monetary damages from debtor based on any breach of the employment contract.