### In the Matter of James William LEAZIER, Debtor.

### Bankruptcy No. 85–10164.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 10, 1985.

Thomas M. Fink, Fort Wayne, Ind., for objector/creditor.

Rick M. Myers, Bluffton, Ind., for debtor.

William Brutton, trustee.

## ORDER

ROBERT K. RODIBAUGH, Chief Judge.

Linda J. Poulsen, a land contract vendor and creditor, has objected to the debtor's proposed chapter 13 plan. The objection raises the issue of whether § 1322(b)(2) prevents the modification of a land contract where it is for the sale of an eighty-acre farm which includes the debtor's principal residence. The objection also raises the question of whether § 365 requires the debtor to cure the existing default on the land contract. Other issues have been raised, but their resolution has been deferred pending the court's ruling on these two issues. The court ordered briefs on these questions and then took this matter under advisement October 17, 1985.

Jerry and Linda Poulsen sold their farm to the debtor by land contract in 1981. The debtor paid $50,000 down on the $250,000 purchase price. The debtor now proposes to pay the Poulsens the market value of the farm, which is substantially less than the remaining balance due on the contract. The farm consists of eighty acres, which include a residence, a pole building and some grain storage facilities.

### I. Whether Leazier may modify Poulsen's rights.

Section 1322(b)(2) provides that a chapter 13 plan may 'cram-down' most secured creditors. The plan may—

(2) modify the rights of holders of secured claims, other than a claim secured *only* by a security interest in real estate that is the debtor's principal residence, ... (emphasis added)

An earlier version of § 1322(b)(2) would have excepted modification of any claim secured by a mortgage on real property. S.B. 2266, 95th Cong. 1st Sess. (1977). The final amendments which reconciled the Senate and House bills narrowed the exception substantially. The consensus is that the exception was created to protect home mortgage lenders. *Grubbs v. Houston First American Sav. Ass'n*, 730 F.2d 236, 245, 246 (5th Cir.1984) (en banc). Lenders with any security other than the debtor's residence are not entitled to special protection. Home mortgage lenders perform a valuable social service through their loans and need special protection against modifications which reduce installment payments or secured valuations. *Grubbs* at 246. The vast majority of the reported decisions address the paradigm situation of a single family residence on a small lot. *In re Arnold*, 40 B.R. 144 (Bkrtcy.N.D.Ga.1984); *In re Coffey*, 52 B.R. 54 (Bkrtcy.D.N.H. 1985). Linda Poulsen holds a security interest in an entire eighty-acre farm. The nature of her financing is fundamentally different from that of a § 1322(b)(2) creditor. She is financing an extensive tract of income-producing crop land. The § 1322(b)(2) creditor is not financing an income-producing asset. Section 1322(b)(2) does not prevent farmers who qualify for chapter 13 relief from modifying the rights of creditors who hold security interests in their farm land.[1] Small farmers should not be forced to convert to chapter 11 for the sole reason that their home occupies an

---

1. The parties have not discussed the application of § 109(e) to this case.

acre of their farm. The creditor in the case at bar holds a security interest in far more than the debtor's residence and is therefore not protected by § 1322(b)(2).

## II. Whether § 365 requires Leazier to cure the Poulsen contract

 Section 365 provides that an executory contract or lease may not be assumed unless all existing defaults are cured and adequate assurance of future performance is provided. The debtor's plan proposes to modify, not assume, the land contract. The term "executory contract" is not defined in the Code but is generally taken to mean a contract, "[I]n which substantial performance obligations remain on each party." *In re Cooper*, 47 B.R. 842, 844, 12 B.C.D. 1135 (Bkrtcy.W.D. Mo.1985), citing *In re Knutson*, 563 F.2d 916 (8th Cir.1977). See also COUNTRYMAN, EXECUTORY CONTRACTS IN BANKRUPTCY, 57 Minn.L.Rev. 439, 450–460 (1973) and COLLIER ON BANKRUPTCY, § 365–12, 14 (15th Ed.1985). When a contract loses its executory status is not always clear or without dispute. *Matter of Jartran, Inc.*, 732 F.2d 584, 11 B.C.D. 1181 (7th Cir.1984); *In re Round Hill Travel, Inc.*, 52 B.R. 807 (Bkrtcy.D.Nev.1985). Poulsen has no substantial performance obligations remaining.[2] The contract in the case at bar is not executory in nature. It is merely a financing device. A land contract is treated the same as a mortgage in Indiana when the purchaser has made any substantial payment and has not abandoned the property. *Skendzel v. Marshall*, (1973) 261 Ind. 226, 301 N.E.2d 641, cert. den. 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476. *Arnold v. Melvin R. Hall, Inc.*, 478 N.E.2d 696 (Ind.App. 1 Dist.1985). The debtor's substantial down payment of $50,000 in the case at bar places him in the position of an owner subject to a mortgage lien with all the procedural and equitable protections that entails. The Poulsen contract may not be canceled; the debtor's interest in the property would have to be foreclosed. Sec-

tion 365 does not apply to the modification of Poulsen's claim in the chapter 13 plan.

Therefore, it is the considered opinion of the court that neither § 1322(b)(2) nor § 365 prevent the confirmation of the plan at bar. The remaining issues regarding the confirmation of the proposed plan are therefore set for pre-trial conference on January 21, 1986, at 1:30 p.m., in the Federal Building, 1300 S. Harrison Street, 2nd Floor, Room 266, Fort Wayne, Indiana.

SO ORDERED.

---

**2.** Poulsen's duty to provide marketable title was    satisfied at the inception of this contract.