**In the Matter of GOLCONDA, INC., Debtor.**

**Bankruptcy, No. 85–1068.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 23, 1985.

Rodney Dillon, Sarasota, Fla., for debtor.

## AMENDED ORDER ON MOTION TO REJECT FRANCHISE AGREEMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion to Reject Franchise Agreement filed by Golconda, Inc., the Debtor in the above-styled Chapter 11 case. By its motion, the Debtor seeks authorization from this Court to reject a Franchise Agreement with Fat Boy's Bar-B-Q Franchise Systems, Inc. (Fat Boy's). The Debtor is the franchisee under the Franchise Agreement and Fat Boy's is the franchisor.

At the conclusion of the hearing on the motion, the Court announced that the Debtor's motion was granted and directed counsel to prepare an appropriate order. Counsel for Fat Boys then requested ten days to submit its memorandum on the question of whether the non-competition clause of the Franchise Agreement could be severed from the balance of the Franchise Agreement and the rejection of the non-competition portion of the Franchise Agreement should be denied.

The Court, having considered the record in this case together with the authorities submitted by counsel, finds that there is no doubt but that the Franchise Agreement is an executory contract. See Countryman, *Executory Contracts in Bankruptcy,* 57 Minn.L.Rev. 439 (1973) and 58 Minn.L.Rev. 439 (1974). While there is no precise definition of an executory contract contained in the Bankruptcy Code, executory contracts generally include contract by which some meaningful performance remains due by

both parties other than the payment of money. H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977); U.S.Code Cong. & Admin. News 1978, p. 5787; S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978); U.S.Code Cong. & Admin.News 1978, p. 5787.

The obligation not to do a particular thing squarely falls within the definition of executory contract and whether or not it forms a part of another executory contract, which might raise the question of severability, is without legal significance. This is so because when the party to a contract binds himself to do or not to do a particular thing, the party is required to perform in the future which renders the contract executory. *Farmington v. Tennessee,* 5 Otto 679, 683, 95 U.S. 679, 683, 24 L.Ed. 558 (1877).

This being the case, there remains only the question of the Debtor's right to reject the contract which is governed by the business judgment test. Applying this test, this Court is satisfied that there is nothing in the record which would warrant denying the Debtor's right to reject the non-competition clause as well as the remainder of the Franchise Agreement. *Burger King Corporation v. Rovine Corporation (In re Rovine Corporation),* 5 B.R. 402 (Bankr. W.D.Tenn.1980).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Reject Franchise Agreement with Fat Boy's Bar-B-Q Systems, Inc., filed by Golconda, Inc. be, and the same is hereby, granted and the Franchise Agreement between Fat Boy's Bar-B-Q Systems, Inc., as franchisor, and Golconda, Inc., as franchisee be, and the same is hereby, deemed to be rejected. It is further

ORDERED, ADJUDGED AND DECREED that the franchisor, Fat Boy's be, and the same is hereby, granted thirty days to file a Proof of Claim for damages resulting from the rejection of its contract if so deemed to be advised.