In re John P. MAY, Joan L. May, Debtors.

John P. MAY, Plaintiff,

v.

CHARLES BOOHER & ASSOCIATES, INC., Defendant.

Bankruptcy No. 2–91–00714.
Adv. No. 2–91–0362.

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 3, 1992.

Denis J. Murphy, Alan F. Berliner, Carlile Patchen & Murphy, Columbus, Ohio, for defendant.

Richard O. Wuerth, Gregory D. Rankin, Lane, Alton & Horst, Columbus, Ohio, for plaintiff.

William B. Logan, Jr., Luper Wolinetz Sheriff & Neidenthal, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Procedural History*

Before the Court are various motions filed in this adversary proceeding by the plaintiff, John P. May ("May") and the defendant, Charles Booher & Associates, Inc. ("Booher"). Both parties seek a declaratory judgment regarding the nature and dischargeability of certain obligations contained in an employment contract between May and Booher. Specifically, May seeks a declaration from this Court that certain covenants not to compete contained in an employment contract are discharged in his Chapter 7 bankruptcy. This issue is presented to the Court through cross motions for summary judgment and Booher's motion to dismiss this adversary.

The Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) which this bankruptcy judge may hear and determine.

### II. *Facts*

The parties do not dispute the salient facts. May began working for Booher as an insurance agent in July 1980. During the course of his employment May had several written agreements with Booher. While May disputes whether he breached those agreements, he does not dispute that the agreements contained covenants obligating May upon the termination of his employment not to compete with Booher. These covenants generally provided that for two years after May's employment with Booher, he would not "solicit, sell to, divert, serve, accept or receive insurance agency brokerage or consulting business or employee benefit business from any customer or active prospect of CBA [Charles Booher & Associates]".

May left Booher's employ in November 1990. On January 30, 1991, May and his wife filed a joint petition for relief under

Chapter 7 of the Bankruptcy Code. The Court issued a discharge in that joint case on June 17, 1991.

On September 23, 1991, May commenced this adversary proceeding seeking a permanent injunction against Booher from further violations of the discharge injunction provided by 11 U.S.C. § 524(a)(2). May contends that a lawsuit filed by Booher on September 9, 1991 in the Common Pleas Court of Franklin County violates the provisions of his bankruptcy discharge. May voluntarily dismissed the first, fourth and fifth claims of the complaint.[1]

### III. *Issue Presented for Determination And Procedural Posture of Case*

The parties agree that the sole legal issue before the Court is whether obligations not to compete imposed by May's employment agreements with Booher are "debts" which were discharged in May's Chapter 7 case.

Each party seeks summary judgment on this narrow legal issue pursuant to Fed.R.Civ.P. 56, made applicable to these proceedings by Fed.R.Bankr.P. 7056. May and Booher agree to the material facts necessary for the Court to determine, as a matter of law, whether the obligations not to compete imposed upon May under various employment agreements with Booher were included in the scope of the discharge issued to May under 11 U.S.C. § 727(b). If such obligations were covered by the discharge, Booher's commencement of a suit against May in state court would be a violation of the discharge injunction.

Accordingly, the Court will address only the discrete legal issues raised by the parties. No legal determination will be made regarding the enforceability of such "noncompetition covenants" under Ohio law or whether May, as a matter of fact, breached any part of his employment agreements with Booher. Those issues are more appropriately addressed in the state courts.

### IV. *Conclusions of Law*

A. The Legal Nature of the Obligation

Except as otherwise provided in the Bankruptcy Code, a discharge granted under 11 U.S.C. § 727(a) discharges a debtor "from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b). A "debt" is "liability on a claim." 11 U.S.C. § 101(12). A "claim" is defined as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(5).

Thus, if any breach by May of the obligations imposed by the various employment agreements with Booher gave rise to a "claim" in Booher's favor and that claim arose before the order of relief in the bankruptcy case, those "debts" would be discharged under 11 U.S.C. § 727.

The analysis begins with the construction of the term "claim." The Supreme Court of the United States has addressed the issue of whether obligations under injunctions are "liabilities on claims" subject to the discharge of 11 U.S.C. § 727. *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985).

In *Kovacs*, the debtor failed to comply with a state court injunction to remove certain industrial waste products from his property. The state court appointed a receiver to take possession of the debtor's property. Clean up of the debtor's property had not been completed, however, before

---

**1.** The first claim alleges violation of the automatic stay, the fourth seeks a declaratory judgment that May did not breach his employment agreements with Booher and the fifth seeks declaratory judgment that the "no compete" covenants are unenforceable under state law. The first claim is moot because May has received a discharge. The parties have agreed that the fourth and fifth claims involve factual and legal issues more appropriately decided by a state court.

the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The case was later converted to one under Chapter 7.

The Supreme Court held that the debtor's obligation under the injunction to clean his property was a "debt" (liability on a "claim") within the meaning of 11 U.S.C. § 727(b) and, thus, was discharged. *Kovacs*, 105 S.Ct. at 709. The Court reasoned that a "claim," as defined in 11 U.S.C. § 101(5),[2] includes an equitable remedy which has been reduced to a judgment, such as an injunction. 105 S.Ct. at 708. The Court then examined whether this equitable injunctive remedy "gives rise to a right to payment" within the meaning of 11 U.S.C. § 101(5). If so, then the obligations imposed by the injunction are "debts" which are discharged.

■ The Supreme Court agreed with the lower courts and held that the debtor could not comply with the injunction to remove industrial waste from his property without the expenditure of money. *Kovacs*, 105 S.Ct. at 710. This required expenditure of money distinguished the injunction against the debtor from a purely equitable remedy. Thus, where the debtor must expend money to comply with an injunction, the obligation arising under the injunction is a "debt" which is discharged under 11 U.S.C. § 727(b) unless a specific provision of 11 U.S.C. § 523(a) excepts that obligation from discharge for some other reason.

As further explained by another court, "although the terms of the injunction would not require the payment of money, to the extent that the injunction were to be effective, it would. Thus, when we look at the substance of what the plaintiff seeks, rather than the form of the relief sought, we see that the plaintiff is really seeking payment." *United States v. Whizco, Inc.*, 841 F.2d 147, 150 (6th Cir.1988).

■ Thus, simply finding an affirmative duty to perform an act does not give rise to a nondischargeable obligation. Rather, the analysis should focus on the substance of the affirmative duty. If an expenditure of money is required to perform the obligation, then the affirmative duty gives rise to a "claim" and, thus, the underlying liability may be subject to the discharge issued pursuant to 11 U.S.C. § 727(b). If no other provision of the Bankruptcy Code excepts this "debt" from the operation of the discharge, it will be within the scope of the discharge.

On the other hand, if no expenditure of money is required to comply with the affirmative duty under the injunction, then there may not be a "debt" in the bankruptcy context. If there is no "debt," discharge of that underlying obligation will not occur. Several courts have reached this conclusion by applying the rationale of the *Kovacs* decision to employment contracts which contain "no compete" clauses. *See, In re Cox*, 53 B.R. 829 (Bankr. M.D.Fla.1985); *In re Peltz*, 55 B.R. 336 (Bankr.M.D.Fla.1985) and *Carstens Health Industries v. Cooper (In re Cooper)*, 47 B.R. 842 (Bankr.W.D.Mo.1985).

The *Cox* decision was based upon facts which are similar to the facts presently before this Court. A previous employer of the debtor sought relief from the discharge injunction of 11 U.S.C. § 524 to proceed with a state court action against the debtor for alleged breaches of the debtor's employment contract. *Cox* held that if the state court determined that the debtor had breached the "no compete" covenants, it must also further determine whether the employer's resulting injury could be adequately compensated by monetary damages. *Cox*, 53 B.R. at 832. If monetary damages were found to be adequate, "then this monetary award would be a claim within the meaning of § 101(4)(B) [§ 101(5)(B)] which would be discharged under § 727(b)." *Cox*, 53 B.R. at 832. If, however, the state court determined that the employer was entitled to an injunction, "then this relief would not be a 'claim'". *Cox*, 53 B.R. at 832.

Thus, the court in *Cox* granted the employer limited relief from the discharge injunction to pursue an injunction against the debtor. The court relied upon the reason-

2. At the time *Kovacs* was decided, "claim" was defined by 11 U.S.C. § 101(4).

ing of *Kovacs,* but distinguished the result. Although a debtor's postpetition earnings may be affected by decreased earnings potential if the injunction is granted, no affirmative expenditure of money by the debtor would be required. It is not impact that is prohibited, but affirmative expenditure. Therefore, the "no compete" obligations were not "debts" which were subject to the discharge.

The courts in *Peltz* and *Cooper* relied upon a similar analysis to conclude that injunctions to enforce "no compete" clauses are not "debts" which are discharged under 11 U.S.C. § 727(b). 55 B.R. at 336 and 47 B.R. at 842. Any damages sought for a breach of "no compete" clause in an employment contract entered into prepetition would, however, presumably be discharged under 11 U.S.C. § 727(b).

B. Application to the Facts Before the Court

■ The substance of what Booher seeks is an injunction against May to prevent any future breaches of the "no compete" clauses contained within the employment agreements and damages for any postpetition breaches. Booher does not seek monetary damages for prepetition breaches.

Based upon the reasoning of *Kovacs* and *Cox,* the Court finds that Booher should be permitted to pursue an injunction against May for future breaches of the covenants not to compete. This conclusion by the Court should not be construed by any party as a conclusion that the employment agreements between May and Booher are enforceable under applicable state law or that any breaches of those agreements occurred. The Court believes that the state courts of Ohio are the more appropriate forum to interpret the employment agreements and determine if breaches occurred. *See, Cooper,* 47 B.R. at 845. If, however, the state court finds that Booher may be compensated adequately with monetary payment without the issuance of an injunction, then that obligation for monetary payment would be a "debt" within the meaning of 11 U.S.C. § 727(b) which would be sub-

ject to the discharge provisions of Title 11, U.S.C. *See, Kovacs,* 105 S.Ct. 705 and *Cox,* 53 B.R. 829.

■ Booher also contends that it is entitled to pursue an action against May for monetary damages resulting from postpetition breaches of the "no compete" clauses. Section 101(5)(A) of Title 11, U.S.C. provides the starting point for that analysis. If the "right to payment" arose prepetition, there is a "claim" within the meaning of 11 U.S.C. § 101(5)(A), the liability of which is a "debt," subject to the discharge provisions of 11 U.S.C. § 727(b). *Kovacs,* 105 S.Ct. at 708 and *Whizco,* 841 F.2d at 149. Booher's argument is that the "right to payment" for May's postpetition breaches did not arise until the breaches occurred and, therefore, there is no "claim" under 11 U.S.C. 101(5)(A) and no discharge of any monetary damages which have resulted or may result from these alleged postpetition breaches.

Booher's analysis, however, is oversimplified. The employer's "claim" arises on the day the agreement is signed by the parties and the "right to payment," although contingent as to a future breach, arises when the parties enter into the employment contract. *Peltz,* 55 B.R. at 338. Booher's attempt to limit the *Peltz* decision to contracts containing liquidated damages clauses is not persuasive. Even though the May–Booher agreements do not contain a specific liquidated damages clause, the Account Executive Employment Agreement of April 10, 1990 has the following provision:

*Breach of Contract."* C.B.A. [Booher] shall have the right of recovery as well as the right to set-off any damages caused by a breach of this agreement by [May].

The scope of damages in the May–Booher agreement are, albeit, less certain than a true liquidated damages clause. The Court finds, however, that the parties clearly contemplated that Booher would receive damages if May breached the agree-

ment. This conclusion is also consistent with the broad interpretation to be given to "claim." *See, Baldwin–United Corporation v. Paine Webber Group, Inc., (In re Baldwin–United Corporation)*, 57 B.R. 759, 764 (S.D.Ohio 1985).

The district court in *Baldwin–United* relied upon the legislative history of 11 U.S.C. § 101(4)(A) [now § 101(5)(A)] and held:

> The legislative history of this definition suggests that Congress did not intend to equate a bankruptcy claim with an accrued cause of action.... Instead, this broadest possible definition "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." H.R.Rep. [No. 595] at 309, *reprinted in* 1978 *U.S.Code Cong. 7 Ad.News* 5963, 6266; S.Rep. No. 989 at 22, *reprinted in* 1978 *U.S.Code Cong. & Ad.News* 5787, 5808.

*Baldwin–United*, 57 B.R. at 764.

Accordingly, based upon the reasoning of *Peltz* and *Baldwin–United*, the Court finds that if a state court determines that May breached any of the "no compete" provisions in the employment agreements with Booher, either pre or postpetition, any resulting damages are "claims" within the meaning of 11 U.S.C. § 101(5)(A). Further, liability on these "claims" constitutes a "debt" which is subject to the discharge provisions of 11 U.S.C. § 727.

In summary, Booher is granted limited relief to seek an injunction in the state courts of Ohio. The state court should determine whether the employment agreements between May and Booher are enforceable under applicable state law and whether May breached any of the "no compete" covenants. Further, the state court should determine whether Booher is entitled to enjoin May from any further breaches or whether Booher may be adequately compensated by monetary damages. Any damages which arose from either prepetition or postpetition breaches of the employ-

ment agreements, however, have been included in the discharge issued pursuant to 11 U.S.C. § 727 and are covered by the resulting discharge injunction of § 524(a).

## V. *Conclusion*

Based upon the foregoing, Booher is entitled to summary judgment as a matter of law on the issue of its right to seek an injunction against May in state court against future breaches of the employment agreements. If, however, the state court finds that Booher may be adequately compensated with monetary payment for any future breaches of the employment agreements, that obligation for monetary payment would be a debt within the meaning of 11 U.S.C. § 727(b) which would be subject to the discharge provisions of Title 11 U.S.C. May is entitled to judgment in his favor on the issue of the discharge of any damages derived from any prepetition or postpetition breaches of the employment agreements. Those damages, if any, are included in the discharge previously issued to him pursuant to 11 U.S.C. § 727(b) and Booher is prohibited from pursuing such damages by the bankruptcy injunction issued pursuant to 11 U.S.C. § 524(a)(2).

Consistent with these findings, Booher's motion to dismiss this adversary is denied. This adversary proceeding will be kept open until Booher files with this Court a copy of any judgment issued by the state court or until the parties agree that this adversary proceeding should be terminated or dismissed.

IT IS SO ORDERED.