**David L. CHANDLER**

v.

**Jim GARRISON et al.**

**Civ. A. No. 67–1545.**

United States District Court
E. D. Louisiana,
New Orleans Division.

April 9, 1968.

Cicero C. Sessions, Robert E. Winn, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for plaintiff.

James L. Alcock, Numa V. Bertel, Jr., Asst. Dist. Attys., Parish of Orleans, State of Louisiana, for defendant.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

On November 7, 1967, a three-judge court was constituted to hear the case of Chandler v. Garrison, et al, in which plaintiff sought to enjoin the defendants from calling him before the Orleans Parish Grand Jury. In this suit plaintiff challenged the constitutionality of several articles of the Louisiana Crim-

inal Code and the Louisiana Code of Criminal Procedure. On March 11, 1968, the three-judge court handed down an opinion, D.C., 286 F.Supp. 191, in which it held that the defendants should be enjoined from enforcing the Grand Jury subpoena. However, in reaching this decision, the court did not find it necessary to decide on the constitutionality of the Louisiana laws attacked by the plaintiff. Since this case was disposed of without reaching the serious constitutional questions raised by the plaintiff, the three-judge court dissolved itself and returned the case to this court for further handling.

On March 14, 1968, the plaintiff moved that defendant Jim Garrison show cause why he should not be held in contempt for statements which he allegedly made on March 13, 1968, on which date plaintiff alleges that Garrison said that the three-judge court reached its decision in the *Chandler* case by direction of unnamed officers of the Federal Government as a part of a Federal conspiracy to aid Life Magazine in withholding certain evidence from the defendant.

The only question now before us is whether these contempt proceedings should be heard by this court alone or by the three-judge court which decided the original case and which was dissolved by its own hand on March 11, 1968.

Only one case has touched on the question of whether a three-judge court should preside over contempt proceedings arising out of a case which was previously before it. In O'Malley v. United States, 128 F.2d 676 (8th Cir., 1942), reversed on other grounds, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943), 137 injunction suits were brought by 139 insurance companies against the Superintendent of Insurance and the Attorney General of the State of Missouri to protect a proposed increase in premium rates for fire, windstorm and hail insurance. After the three-judge court was constituted to hear these suits, the insurance companies and some Missouri public officials conspired together and agreed that the insurance companies and the Missouri officials would enter into a fake settlement of the suits, whereby the interests of policy holders would be sacrificed in favor of the insurance companies. Three Missouri public officials were paid large bribes for their part in this matter. The three officials then had their attorneys (who were ignorant of the fraud) present to the court the fake settlement as a genuine, good-faith settlement by antagonistic litigants. This representation constituted the contempt which was committed in the presence of the three-judge court. The Eighth Circuit Court of Appeals held that since the three-judge court had jurisdiction over the suits which were before it, "it had inherent power to punish for the contemptuous misbehavior in its presence * * *" 128 F.2d at 687. But the court went on to place more emphasis on the argument that even if the three-judge court was not the proper court to have presided over the contempt proceedings, this was harmless error since the holding of that court was unanimous and one of the judges who sat on the court would have handled the matter if the three judge court had not heard it. For this reason the court held that even if these contempt proceedings should have been heard by one judge, "the presence of the others did not invalidate the judgment nor prejudice appellants." 128 F.2d at 687. Because of the uncertainty expressed by the Eighth Circuit in this decision, we do not feel that the *O'Malley* case may properly be used as a strong guide to be followed in this area.

██ Normally the court trying a particular case is the proper court to hear contempt proceedings arising out of that case. But we believe that the fact that a three-judge court is involved here, coupled with the peculiar circumstances surrounding this case, argue against this particular three-judge court trying this particular contempt case.

██ A three-judge court is constituted only when an injunction is sought restraining the enforcement, op-

eration or execution of a State or Federal statute. 28 U.S.C. § 2281, 28 U.S.C. § 2282. This type of court does not have jurisdiction to hear any other matters. Of course, if a person commits a contemptuous act in the presence of a three-judge court, we do not question the power of that court to summarily find him guilty of contempt.

█ But the case for the three-judge court to handle the proceedings resulting from a contempt committed outside that court's presence is not so strong. In certain types of criminal contempt committed outside the court's presence, the defendant is entitled to a jury trial according to 18 U.S.C. § 3691. Surely, a three-judge court would not be very efficient in conducting a jury trial. Also, since the three-judge court is authorized by statute to determine only certain particular kinds of cases, it is quite possibly that trying a contempt proceeding would exceed its statutory authority.

█ However, we need not pass on that last question because we are of the opinion that the facts of this particular case place it in a unique category. On March 11, 1968, the three-judge court decided that this case could be disposed of without reaching the serious constitutional questions raised by the plaintiff and for this reason dissolved itself and returned the case to this Court. The alleged contempt is claimed to have been committed on March 13, 1968, two days after the dissolution of the three-judge court. If it were to now reconstitute itself in order to try this contempt proceeding, we believe that under the facts of this particular case it would be going beyond its statutory authority, since it has already determined that the constitutional issues raised in this case need not be passed upon and for this reason dissolved itself.

For these reasons, we hold that the correct procedure to be followed in this case is for this Court, and not the three-judge court, to handle this matter. It should be noted that by adopting this procedure, we are not affecting the authority of the three-judge court in any way. The person charged with contempt will still have to face judicial proceedings arising out of his alleged contemptuous act. It is only the machinery by which this is accomplished which is being altered. The three-judge court is not being stripped of its power to maintain decorum and dignity during its sessions any more than the power of a one-judge court is undermined by Rule 42(b) of the Federal Rules of Criminal Procedure, which provides that if the criminal contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing on that contempt except with the defendant's consent.

## ORDER

On March 20, 1968 there came on for hearing and argument the motion of plaintiff David L. Chandler against the defendant Jim Garrison to show cause why the defendant should not be adjudged guilty of civil contempt, or alternatively, for appointment of attorney to prosecute the defendant for criminal contempt. At that time the Court ordered argument only on the issue of whether or not this motion should be heard by the one-judge court or by the three-judge court.

After hearing argument and receiving briefs on this issue, the Court took the matter under advisement and is now ready to rule.

For the reasons set out hereinabove;

It is ordered that the motion of plaintiff David L. Chandler against the defendant Jim Garrison to show cause why the defendant should not be adjudged guilty of civil contempt, or alternatively, for appointment of attorney to prosecute the defendant for criminal contempt is subject to the jurisdiction only of this one-judge court and not subject to the jurisdiction of the previously appointed and now dissolved three-judge court.