**In re Sharon Kay CANDA, Debtor.**

**Bankruptcy No. 383–01710.**

United States Bankruptcy Court,
D. Oregon.

Sept. 15, 1983.

Robert J. Saalfeld, Salem, Or., for Willamette University and Montana State University.

Kent V. Snyder, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

In this chapter 13 case Willamette University and Montana State University filed objections to confirmation of the debtor's plan.

From the fall of 1975 through the spring of 1977 the debtor attended Willamette University and accumulated $3,360.82 in direct student loans from Willamette. She took a year off and then, in the fall of 1978 entered Montana State University where she remained through the spring of 1980 accumulating direct student loans in the amount of $2,639.61 from Montana State. In the fall of 1980 the debtor attended Portland State University for one term. In mid-April 1981 the debtor became employed. In March 1983 the debtor re-entered Portland State University and was classified as a junior.

During the next few years the debtor intends to complete her degree and work part time to cover her living expenses. Her expected average monthly income is $425. Her Chapter 13 Statement shows that after her expected monthly expenses she will have a surplus of $40 which, under her plan, she proposes to pay the trustee for distribution to creditors. The Chapter 13 Statement lists unsecured debts totalling $7,569.33. No secured or priority debts are listed.

The debtor's plan proposes to pay unsecured creditors 14%. This would require 36

monthly payments to the trustee of $40 each.

Of the total unsecured debts of $7,569.33, the sum of $6,000.43 or approximately 80%, represents the amounts due upon the student loans made by Willamette University and Montana State University. These two creditors object to confirmation on the ground that the plan is not filed in good faith.

Were the debtor to seek relief under chapter 7, it is possible, but by no means certain, that the student loan obligations would not be dischargeable. It is possible that in a chapter 7 case it might be held that the liability upon these student loans would be either fully or substantially discharged under the hardship provision of 11 U.S.C. § 523(a)(8)(B).

The universities assert three principal arguments against confirmation of the plan. They assert that 14% is not a substantial payment upon the student loans; that the plan does not provide for payments for a sufficiently long period; and that the plan is not fundamentally fair and is contrary to the spirit of chapter 13.

The fact that utilizing the provisions of chapter 13 may permit a debtor to discharge debts which would not be dischargeable in a chapter 7 case, although an appropriate factor for the court to consider, is not a factor which by itself is controlling. It is obvious that a discharge under 11 U.S.C. § 1328(a) may be more advantageous to a debtor than a discharge under 11 U.S.C. § 727. To hold that no chapter 13 plan can be confirmed unless it provides for payment in full of claims not dischargeable under § 727 and § 523, would be to abrogate § 1328(a).

█ The percentage to be paid to unsecured creditors is an appropriate factor for the court to consider in determining whether a plan is filed in good faith. However, as in the matter of dischargeability, it is not a controlling factor. Congress has fixed no minimum percentage which must be paid to unsecured creditors except for § 1325(a)(4). The plan in the present case meets this minimum requirement in that this would be a no asset case with no distribution to unsecured creditors were it converted to a case under chapter 7.

The better reasoned cases place emphasis upon the debtor's financial circumstances. If it appears that the debtor's plan represents a reasonable effort on the part of the debtor to pay his or her debts, the fact that the dividend to creditors is small will not prevent confirmation. In the present case there is no dispute that if the debtor continues to attend Portland State University and to work part time, it would not be possible for her to pay more than $40 per month to the trustee.

It has been the view of this court that Congress intended by § 1322(c) that normally a plan should not provide for payments for a period longer than three years and that cause for approving a plan for a longer period should be some cause which would be of benefit to the debtor. This court has approved plans longer than three years where the purpose was to pay 70% to unsecured creditors in order that the debtor have the protection of § 727(a)(9)(B) or when the purpose was to comply with § 1325(a)(4). It has disapproved such plans where the only purpose was to pay a larger dividend, but less than 70%, to unsecured creditors.

The universities contend that the plan is fundamentally unfair in that the debtor, by continuing to attend college and work part time, rather than quitting college and working full time, is voluntarily placing herself in a position where for the next few years she will only be able to pay $40 per month upon her unsecured debts. Presumably if the debtor would seek full time employment she could provide for substantially larger monthly payments.

Generally society views the obtaining of an education to improve a person's job skills as a desirable end not only for the individual but for society as a whole. Divorce courts frequently award support payments to a wife in order to permit the wife to obtain an appropriate education to increase her earning capacity.

The Chapter 13 Statement shows that the debtor does not own any non-exempt prop-

erty. Her earnings presently are such that no part of her wages would be subject to garnishment under Oregon law. The debtor is presently judgment proof. Should the debtor continue her schooling and her part time work none of her creditors could be successful in recovering any part of their debts through lawful collection procedures.

Under the circumstances it appears that at the present time there is no need for the debtor to obtain relief either under chapter 13 or chapter 7. Should the debtor receive a discharge under § 1328(a) she would be barred from receiving a discharge in a bankruptcy proceeding instituted within six years by virtue of § 727(a)(9). It could be to her advantage to wait until such time that she obtains employment at a sufficiently high rate of pay that her wages could be subject to garnishment before seeking relief under the Bankruptcy Code.

Since it appears the debtor presently has no need for bankruptcy relief it would appear that the principal purpose is to obtain a discharge of the student loan obligations by paying only a small percentage of those debts.

The court therefor concludes that the debtor's plan is not proposed in good faith and is in violation of the spirit and purpose of chapter 13.

An order will be entered herein denying confirmation of the debtor's plan.