**In re Robert DuVall VEIT, Debtor.**

**Bankruptcy No. 97–13854–RLB–13.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 21, 1998.

David R. Krebs, Hostetler & Kowalik, Indianapolis, IN, for Debtor.

John K. McDavid, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for Creditor/United Carpet Co.

*ENTRY ON MOTION FOR
RELIEF FROM STAY*

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion for Relief from Stay to Permit Enforcement of Injunction Issued in Missouri ("Motion for Relief from Stay"), filed by United Carpet Company, Inc. ("United Carpet") on January 22, 1998. Robert DuVall Veit ("Debtor") filed an objection to the Motion for Relief from Stay ("Objection") on February 6, 1998, and filed a memorandum in support of the objection on August 10, 1998. A hearing on the Motion for Relief from Stay and Objection was held on August 10, 1998. The Court, having reviewed the Motion for Relief from Stay, the Objection, the briefs of the parties, and the matters presented at the August 10, 1998 hearing, now makes the following Entry.

The Debtor filed a petition under Chapter 13 on November 24, 1997. Prior to the petition filing, from April of 1992 until November of 1995, the Debtor was an employee of United Carpet. The Debtor's employment agreement with United Carpet included a covenant not to compete and trade secret agreement (the "Non–Compete Covenant").

On November 9, 1995, the Debtor terminated his employment with United Carpet. Soon thereafter United Carpet became concerned that the Debtor might be violating the Non–Compete Covenant, and initiated an action in Missouri state court (the "Missouri Court") to stop the alleged violations. On December 28, 1995, the Missouri Court issued a temporary restraining order (the "TRO"), pursuant to which the Debtor was enjoined from engaging in the flooring business for two years in a specified area in eastern Missouri and southwestern Illinois (the "Prohibited Counties").

At some point after the entry of the TRO, the Debtor and United Carpet reached an agreement concerning the alleged violations of the Non–Compete Agreement, and presented their agreement to the Missouri Court. On March 11, 1996, the Missouri Court entered a consent judgment that enjoined the Debtor from engaging in the flooring business in the Prohibited Counties for two years, or until November 9, 1997 (the "Missouri Injunction"). The Missouri Injunction further provided that if there were any violations of the Missouri Injunction prior to November 9, 1997, then the injunction would continue for two additional years, or until November 9, 1999.

Immediately prior to the expiration of the Missouri Injunction in November of 1997,

United Carpet filed a motion for contempt and motion to enforce injunction in the Missouri Court. United Carpet alleged that various violations of the Missouri Injunction had occurred, and asked that the injunction be extended to November of 1999. A hearing was set in the Missouri Court for December 15, 1997. Before the hearing could be held in the Missouri Court, the Debtor filed his Chapter 13 petition on November 24, 1997.

In the instant Motion for Relief from Stay, United Carpet asks for relief from stay to return to the Missouri Court, in order to enforce the Missouri Injunction and obtain an extension of the injunction to November of 1999. In the Objection, the Debtor argues that United Carpet's allegations concerning the Debtor's violations of the Missouri Injunction *can* be addressed by this Court, and *should* be addressed by this Court for reasons of judicial economy and fairness to the Debtor.

11 U.S.C. § 362(d) provides that relief from stay should be granted "for cause". The word "cause" is not defined in the Bankruptcy Code, and has been developed by the courts on a case-by-case basis. *Matter of Fernstrom Storage and Van Co.,* 938 F.2d 731 (7th Cir.1991).

When faced with facts similar to the facts of the instant case, several courts have held that there was "cause" for lifting the stay. In *In re Hughes,* 166 B.R. 103 (Bankr. S.D.Ohio 1994), the debtor's former employer moved for relief from stay in order to enforce a covenant not to compete against the debtor. In the former employer's motion for relief from stay, the former employer stated that it might "seek injunctive relief" against the debtor in state court if granted relief from stay. The Ohio bankruptcy court found the state court to be the most appropriate forum for resolving the employment issues between the parties, and granted relief from stay to go state court.

[T]his court finds that the Movant [*i.e.,* the former employer] should be permitted to pursue an injunction against Debtor with respect to breaches of the covenant not to compete. Although this court believes that the covenant's ten year, nationwide provision is manifestly unreasonable, the court also 'believes that the state courts of Ohio are the more appropriate forum to interpret the employment agreements and determine is breaches occurred.'

*Hughes,* 166 B.R. at 106 (citing *In re May,* 141 B.R. 940 (Bankr.S.D.Ohio 1992)).

In *In re Hawes,* 73 B.R. 584 (Bankr. E.D.Wis.1987), the debtor's former employer filed a motion for relief from stay, in order to proceed with a state court action to enforce a covenant not to compete. The Wisconsin bankruptcy court held that relief from stay should be granted, to enable the former employer to go to state court to obtain an injunction against the debtor. The *Hawes* court found that the covenant not to compete issue should be decided by the state court.

There is no apparent conflict between bankruptcy law and the effort on the part of [the former employer] to enforce the covenant not to compete. In the absence of such conflict, the fact that [the debtor] filed a bankruptcy petition ought not to affect the rights of the parties. It follows that [the former employer] should be permitted to proceed with its state court action for injunctive relief.

*Hawes,* 73 B.R. at 587. *See also In re Peltz,* 55 B.R. 336 (Bankr.M.D.Fla.1985)(granting relief from stay to continue state court action for breach of employment contract); *In re Cox,* 53 B.R. 829 (Bankr.M.D.Fla.1985)(holding that creditor entitled to limited relief from discharge injunction to pursue injunctive relief from debtor); *In re Cooper,* 47 B.R. 842 (Bankr.W.D.Mo.1985)(granting relief from stay to seek enforcement of non-competition agreement).

The Debtor urges the Court to apply the standard for granting relief from stay set out in *Matter of Udell,* 18 F.3d 403 (7th Cir. 1994).[1] *Udell,* however, is inapposite to the

---

1. In *Udell,* the Seventh Circuit stated that the bankruptcy court, in deciding whether to grant relief from stay, should consider
    (1) the prejudice to the debtor or the bankruptcy estate from allowing the non-bankruptcy litigation to continue; (2) the relative hardship to the debtor and to the party seeking relief; and (3) the creditor's probability of prevailing on the merits on the litigation.
    *Udell,* 18 F.3d at 410.

instant facts, because in *Udell,* an injunction had not been issued by a state court prior to the debtor's bankruptcy filing, whereas here, the Missouri Court issued its injunction several months prior to the filing of the Debtor's bankruptcy proceeding. In *Udell,* the ultimate issue was whether an injunction should be issued, whereas here, the ultimate issue is how an injunction that has already been issued by a state court should be interpreted.

In the circumstances of the instant case, where the issue is whether an injunction already issued by a state court has been violated, it is more appropriate for the Missouri Court to determine whether its injunction has been violated, than for this Court to retain jurisdiction over the issue. The court that issues an order, here the Missouri Court, is in the best position to determine whether a party should be held in contempt for violating the court's order. *See Brennan v. Winters Battery Mfg. Co.,* 531 F.2d 317 (6th Cir.1975) (no person should be subject to contempt jurisdiction of court of appeals unless he has violated an order of the court of appeals); *Gray v. Petoseed Co., Inc.,* 985 F.Supp. 625 (D.S.C.1996) (action for compensatory contempt must be brought before the court that issued the order that allegedly was violated); *E.E.O.C. v. Local 40, Intern. Ass'n of Bridge, Structural and Ornamental Iron Workers,* 885 F.Supp. 488 (S.D.N.Y.1994) (holding that a motion for contempt should be brought before the court that issued the order); *Chandler v. Garrison,* 286 F.Supp. 18 (E.D.La.1968) (stating that normally, the court trying a particular case is the proper court to hear contempt proceedings arising out of that case).

For all the foregoing reasons, it is the conclusion of the Court that pursuant to Section 362(d), relief from stay should be granted to United Carpet to pursue its remedies in the Missouri Court.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Motion for Relief from Stay be, and hereby is, GRANTED. United Carpet Company, Inc. is hereby GRANTED relief from stay, to pursue its action before the Missouri Court

concerning the injunction previously issued by the Missouri Court.