In re SILK PLANTS, ETC. FRANCHISE SYSTEMS, INC., Appellant,

v.

Perry Elton REGISTER and Martha A. Register, Appellees.

Civ. A. No. 3:89–0119.

Bankruptcy No. 388–01810.

United States District Court, M.D. Tennessee.

May 16, 1989.

William L. Norton, III, Nashville, Tenn., for appellant.

C. Kinian Cosner, Jr., Nashville, Tenn., for appellees.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

This is an appeal by the appellant Silk Plants, Etc. Franchise Systems, Incorporated (hereinafter, Silk Plants) from the order of January 11, 1989 of the Bankruptcy Court for this District, which found and concluded that (1) a covenant not to compete contained in a franchise agreement, entered into by the appellant and the appellees Mr. Perry Elton Register and Mrs. Martha A. Register, was rejected at the same time the franchise agreement was jointly rejected, and (2) Silk Plants was entitled to file under 11 U.S.C. § 502(g) a claim for breach of the entire franchise agreement, including the covenant not to compete. 95 B.R. 73 (Bkrtcy.M.D.Tenn.).

The salient facts are uncomplicated: On March 8, 1986, the parties herein entered into a franchise agreement wherein Silk Plants granted the appellees a franchise "to operate a SILK PLANTS ETC. specialty retail store offering artificial flowers, plants, trees and floral arrangements and related merchandise and accessories." As part of the franchise agreement the appellees covenanted that, for a period of 2 years after termination of such franchise agreement, they would not engage in any capacity "in a business offering to sell or selling artificial flowers, plants, trees or any other merchandise and products similar to that sold in the SILK PLANTS ETC. system and located within a ten (10) mile radius of the designated area."

The appellees filed on March 15, 1988 a petition in the Bankruptcy Court under the Bankruptcy Code, chapter 13. On May 18, 1988, such appellees, by way of an agreed order with Silk Plants, rejected the pertinent franchise agreement; such agreed order reserved the rights of the parties on the issue of whether the pertinent covenant not to compete is enforceable following the rejection of such agreement. The appellant filed a complaint on May 13, 1988 with the Bankruptcy Court, seeking to enjoin the appellees from rejecting such covenant not to compete.

■ A trustee or a debtor in possession "may assume or reject any executory contract * * * of the debtor." 11 U.S.C. § 365. The pertinent franchise agreement herein is such an executory contract. *In re Rovine*, 6 B.R. 661, 666 (Bkrtcy.W.D.Tenn.

1980). The purpose of allowing such rejection is to "mak[e] the debtor[s'] rehabilitation more likely," *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1310[9] (5th Cir.1985), by relieving the debtor of the obligations imposed under such executory contracts, and to create a breach of contract, thereby enabling the injured party to file a claim against the bankruptcy estate as a creditor. *In re Jolly,* 574 F.2d 349, 351 (6th Cir.1978).

Generally, "[a]n executory contract must be rejected in its entirety or not at all." *In re Rovine, supra,* 6 B.R. at 666. The appellant argues, however, that the covenant not to compete here was a separate agreement and should survive the agreed rejection of the franchise agreement of its parties. It contends that separate consideration was given for the pertinent covenant, in the form of training and information received at the beginning of the franchise-relationship of the parties.

Contrary to what the appellant contends, it is not clear from the agreement that such training and information were given as separate consideration for the covenant not to compete involved. "[T]he intention of the parties [to a contract] is to be gathered from the entire instrument and not from detached portions. A contract cannot be disjointed or particular parts separated from the balance, as it is necessary to consider all of the provisions of a contract in order to determine the meaning of any particular part as well as the meaning of the whole document." *Florida Canada Corp. v. Union Carbide & Carbon Corp.,* 280 F.2d 193, 195[2] (6th Cir.1960); *cert. den.,* 364 U.S. 902, 81 S.Ct. 234, 5 L.Ed.2d 194 (1960).

■ Reviewing the agreement as a whole, this Court agrees with the Bankruptcy Court, that the parties did not intend for the pertinent covenant to be a separate contract from the franchise agreement. Therefore, such covenant was rejected properly when the franchise agreement itself was rejected. *See, In re Rovine, supra.*

■ The appellant argues additionally that the Bankruptcy Court erred in finding that the breach of the covenant not to compete gave rise to a claim for damages. 11 U.S.C. § 502(g), *supra,* "specifically grants the [appellant] a nonadministrative claim based upon the rejection of the franchise agreement." *In re Rovine, supra,* at p. 666.

The appellant asserts, however, that the breach of the pertinent covenant does not constitute such a claim, because, under both federal and Tennessee law, such a breach is not remedied by an award of money damages, but rather, is remedied through the granting of injunctive relief.[1] In support of this proposition, the appellant cites *Medtronic, Inc. v. Gibbons,* 684 F.2d 565 (8th Cir.1982) and *Child World, Inc. v. South Towne Centre, LTD.,* 634 F.Supp. 1121 (S.D.Ohio 1986).

While injunctive relief was indeed found to be proper in those cases to enforce certain restrictive covenants, it was found to be proper because, based upon the peculiar facts therein, damages would be difficult or impossible to calculate; the Bankruptcy Court found that it could reduce the injury suffered by the appellant to a dollar-amount.

As a general rule, a party is not entitled to injunctive relief when the injury suffered may be remedied by an award of damages. *In re Feit & Drexler, Inc.,* 760 F.2d 406, 416 (2d Cir.1985); *Holly Sugar v. Goshen County Co-op. Beet Growers,* 725 F.2d 564, 572[11] (10th Cir.1984); *Teamsters Freight, Etc. v. Southern Forwarding Co.,* 424 F.Supp. 11, 13[1] (D.Tenn. 1976). Furthermore, although courts in Tennessee have granted injunctive relief for breach of restrictive covenants,[2] there

---

1. Pertinent to this proceeding and the issues herein is 11 U.S.C. § 101(4), which states that a "claim" is a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment."

2. *See William B. Tanner Co., Inc. v. Taylor,* 530 S.W.2d 517, 523[4] (Tenn.App.1974); *cert. den.,* Tenn. S.Ct. July, 1974; and *Ramsey v. Mutual Supply Company,* 58 Tenn.App. 164, 427 S.W.2d 849, 854[6] (1968); *cert. den.,* Tenn. S.Ct. May, 1968.

is nothing to indicate that such Courts would be prohibited from awarding damages in such cases if the amount of such damages were capable of being calculated.

Therefore, this Court concludes that our Bankruptcy Court did not err, in finding that the pertinent breach herein gives rise to a claim for damages under 11 U.S.C. § 502(g), *supra*.

██ Notwithstanding the lack of reversible error on the part of our Bankruptcy Court in entering its order of January 11, 1989, Silk Plants has moved this Court to nonetheless reverse such Bankruptcy Court apparently because the appellee has failed to file a brief herein. Not surprisingly, the Silk Plants has cited no authority in support of such an incredible position. Rule 8009(a), Bankruptcy Rules does require that an appellee "serve and file his brief within 15 days after service of the brief of appellant." Such rule does not specify what, if any, consequence results if an appellee fails to file such brief.

However, Rule 8009(a), *supra*, is adapted from Rule 31(a), F.R.App.P., which states that "[i]f an appellee fails to file a brief, the appellee will not be heard at oral argument except by permission of the court." While the appellees' failure to file a brief herein could have possibly barred their participation in oral arguments, which were deemed by this Court to be unnecessary herein, it certainly does not entitle the appellants to an automatic reversal of the order appealed from herein and such motion hereby is

DENIED.

From all of the foregoing, the order of our Bankruptcy Court of January 11, 1989 hereby is

AFFIRMED.