**In re Brenda Jo THOMAS, Debtor.**

**Brenda J. THOMAS, Plaintiff,**

**v.**

**Theresa Ann HERZOG, Defendant.**

**Bankruptcy No. 1–90–02418.
Adv. No. 90–3327.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 10, 1991.

Douglas S. Roberts, Columbus, Ohio, for plaintiff.

James S. Rapp, Kenton, Ohio, for defendant.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtor/plaintiff's motion for summary judgment to which defendant has objected.

Upon consideration thereof, the court finds that said motion is well taken and should be granted and that any pre-petition monetary claim owed defendant be discharged.

### FACTS

On July 17, 1990, Debtor/defendant filed her voluntary petition under chapter 7 of title 11. At that time, a complaint was pending in the Court of Common Pleas, Hardin County, Ohio, against plaintiff seeking injunctive relief and money damages as a result of plaintiff's alleged breach of a covenant not to compete. The state court complaint arose out of a sale by plaintiff to defendant of a beauty and hair care salon. The sale contract also contained a covenant not to compete. Subsequently, defendant filed that complaint in state court alleging plaintiff's breach of the covenant not to compete.

On September 28, 1990, plaintiff filed the instant complaint against defendant to determine dischargeability of debt. Plaintiff asserts that the claims against her in the pending state court action are dischargeable. As a result of a pretrial conference held on December 12, 1990, the plaintiff filed a motion for summary judgment on December 17, 1990. The parties have stipulated to the following facts:

1. On November 27, 1989, [plaintiff] and [defendant] entered into a contract of sale, a true and accurate copy of which is attached hereto as "Exhibit A."

2. On November 27, 1989, [defendant] paid to [plaintiff] the sum of Fifteen Thousand Dollars representing the total purchase price required by the contract of sale.

Plaintiff alleges that $10,000 of the total $15,000 purchase price represented consideration for a covenant not to compete. Motion for Summary Judgment at 2. Further, plaintiff asserts that the contract between the parties is executory and may be rejected and that defendant must file and prove any claim she may have against plaintiff. *Id.* Defendant opposes plaintiff's motion asserting that as a result of this court's grant of defendant's prior motion for relief from stay, this court implicitly rejected

plaintiff's claim that the contract was executory and subject to rejection. Memorandum Contra to Motion for Summary Judgment at 3. Defendant also states that plaintiff breached the covenant not to compete prior to the filing of her petition. *Id.* at 4. Defendant further opines that the noncompetition covenant represents a severable covenant that has been performed in full by defendant and cannot now be rejected. *Id.* at 6. Defendant requests that this court deny plaintiff's motion, allowing defendant to enforce the covenant not to compete should it be again breached and permitting an award of damages as a post-petition claim. *Id.* at 9. According to defendant's affidavit, attached to her memorandum:

5. [Defendant] permitted [plaintiff] to work at the beauty salon business referred to in the contract of sale and complied with all terms of the contract of sale....

6. [Plaintiff] in fact worked at the salon after [defendant] purchased the business; [plaintiff] then quit work of her own choice on or before June 11, 1990; prior to July 17, 1990, [plaintiff] commenced working at a competing beauty salon within one mile of [defendant's] business; [plaintiff] then took a secretarial position at Hardin Memorial Hospital in Kenton, Ohio; then [plaintiff] returned to work at [defendant's] salon on October 17, 1990, where she continues to work to this date.

On February 6, 1991, plaintiff filed a reply memorandum stating that:

For the sake of argument, [plaintiff] agrees with [defendant's] assertion that [plaintiff] breached the non-compete covenant prior to the filing of the bankruptcy petition. Hence, the issue is whether [defendant's] cause of action against [plaintiff], arising out of the breach of the non-compete covenant, is a dischargeable "claim" within the meaning of the bankruptcy code.

*Id.* at 1. Plaintiff maintains that as a result of plaintiff's breach, defendant is entitled to payment, which payment has been discharged. *Id.* at 2. Plaintiff also

states that the contract is not severable and is deemed rejected because the contract was not specifically rejected or assumed. *Id.* at 4. Plaintiff also responds that in granting relief from stay, this court did not determine the dischargeability issue. *Id.* at 13.

## DISCUSSION

■ Initially, the court notes that Bankruptcy Rule 7056 makes Rule 56 Fed. R.Civ.P. applicable to the instant motion. Thus, summary judgment shall be granted if—

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Plaintiff's complaint seeks to discharge, pursuant to 11 U.S.C. § 523, any debts due defendant arising out of the state court action. Defendant filed her state court action for breach of contract and injunctive relief on July 3, 1990; plaintiff filed her voluntary petition on July 17, 1990. Although the focus of the parties' pleadings concern whether the sale contract represents an executory contract, the court finds this determination inapposite. An executory contract exists

if obligations of both Debtor and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the other from performing.

*In re Cutters, Inc.,* 104 B.R. 886, 888 (Bkrtcy.M.D.Tenn.1989) (citation omitted). Here, a breach of contract occurred prepetition; thus the other party is excused from performing. The parties also argue about plaintiff's "rejection" of the sale contract.

The key, it seems, to deciphering the meaning of the executory contract rejection provisions, is to work backward, proceeding from an examination of the purposes rejection is expected to accomplish.

If those objectives have already been accomplished, or if they can't be accomplished through rejection, then, the contract is not executory within the meaning of the Bankruptcy Act.

*In re Jolly,* 574 F.2d 349, 351 (6th Cir.1978) (although decided under the Bankruptcy Act, analysis is applicable to the instant case), *cert. denied,* 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978). Those purposes include:

(1) to relieve the estate from burdensome obligations while the Debtor is trying to recover financially, and

(2) to effect a breach of contract allowing the injured party to file a claim.

*In re Register,* 95 B.R. 73, 74 (Bkrtcy. M.D.Tenn.1989) (citing *Jolly, supra,* and others), *aff'd* 100 B.R. 360 (M.D.Tenn.1989). *See also In re Don & Lin Trucking Co., Inc.,* 110 B.R. 562, 568, 20 B.C.D. 58 (Bkrtcy.N.D.Ala.1990) (reason for this statue is to relieve Debtor of performing a burdensome contract).

Here, the noncompetition provision does not represent a burdensome obligation. Plaintiff, pre-petition, had failed to complete performance, or performed in violation of, the contract. Thus, a breach of the contract has been effected and defendant, the injured party, may file a claim. *See Jolly,* 574 F.2d at 351 (Debtor's duty was in the past and that duty was breached and judgment entered against Debtor; the trustee has a choice to breach or affirm a contract, however, if the contract is already breached, the choice is no longer available).

Plaintiff's breach is measurable by damages which may be reflected in a claim filed pursuant to 11 U.S.C. § 502. *See Register,* 95 B.R. at 75 (covenant terminated when contract rejected and creditor may file a claim for breach of the entire agreement including the covenant not to compete pursuant to § 502(g)); *Don & Lin Trucking,* 110 B.R. at 568 (no statutory language expressly limits the effect of Debtor's rejection and resulting breach of an executory contract to right of other party to file a proof of claim for damages). However, the amount of damages is not before the court and the court is not in a position to make such a determination.

■ Furthermore, any damages experienced by defendant as a result of plaintiff's post-petition actions are not dischargeable. A discharge extends only to those pre-petition debts listed on plaintiff's petition.

■ However, although defendant's pre-petition monetary claim may be discharged in bankruptcy, she is, nevertheless, entitled to other equitable remedies which exist outside the realm of the Bankruptcy Code. That is, defendant's equitable, nonmonetary rights against plaintiff as a result of the breach, including injunctive relief, are not disturbed. *In re Noco, Inc.,* 76 B.R. 839, 844 (Bkrtcy.N.D.Fla.1987) (citing *In re Carrere,* 64 B.R. 156, 160, 14 B.C.D. 977, 15 C.B.C.2d 407 (Bkrtcy.C.D.Cal.1986)). That is, plaintiff's breach does not relieve her of the obligation not to compete. *See Don & Lin Trucking,* 110 B.R. at 568 (court concludes that effect of Debtor's rejection of contract did not relieve Debtor of the obligation not to compete); *Carrere,* 64 B.R. at 160 (state law permits an equitable remedy allowing creditor to seek a negative injunction); *In re Cooper,* 47 B.R. 842, 845, 12 B.C.D. 1135 (Bkrtcy.W.D.Mo. 1985) (in granting relief from stay, the court permitted the state court to determine if a covenant not to compete was enforceable in which case an equitable remedy would be awarded which would not be reducible to damages and not a "claim"). In light of the foregoing, it is therefore

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that any pre-petition monetary debts due defendant as set forth in plaintiff's complaint be, and they hereby are, discharged. It is further

ORDERED that defendant be permitted to seek any equitable remedies, including injunctive relief, available under the parties' sale contract.