In re Willie A. SMITH, and Essie F. Smith, Debtors.

National Auto Finance Company, Plaintiff,

v.

Willie A. Smith, et al., Defendants.

Bankruptcy No. 99–31044.
Adversary No. 99–3641.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 30, 2000.

Richard D. Bringardner, Columbus, Ohio, for plaintiff.

Katherine C. McGuire, Dayton, Ohio, for debtors.

Ruth A. Slone–Stiver, Dayton, Ohio, Chapter 7 Trustee.

## DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO THE DEBTORS AND DENYING SUMMARY JUDGMENT TO THE PLAINTIFF

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the standing General Order of Reference in this District. The proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(*l*).

This matter is before the court on the Motion of National Auto Finance for Summary Judgment [Adv.Doc. # 20–1]; Defendants' Motion for Summary Judgment [Adv.Doc. # 21–1]; and National Auto Finance Company's Memorandum Contra Defendants' Motion for Summary Judgment [Adv.Doc. # 22–1]. The following decision and order are made in accordance with Fed.R.Bankr.P. 7056.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The Plaintiff–Creditor, National Auto Finance Company ("Plaintiff"), filed a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6). The Plaintiff had a pre-petition secured claim totaling approximately $17,473.94 in the bankruptcy of the Debtors, Willie A. Smith and Essie F. Smith ("Debtors"). The Plaintiff's claim was secured by a 1997 Hyundai Sonata automobile. [Adv.Doc. # 1–1, ¶¶ 4, 6, 11.] On the date of the bankruptcy petition filing, March 2, 1999, the Debtors filed a statement of their intention to surrender the vehicle to the Plaintiff. [*Id.*, ¶ 8.] Subsequently, however, the Debtors refused to turn over the vehicle. [*Id.*] The Plaintiff asserts that the Debtors' post-petition refusal to comply with their statement of intention constitutes a willful and malicious injury under 11 U.S.C. § 523(a)(6) rendering the Plaintiff's pre-petition claim nondischargeable. [*Id.*, ¶¶ 11–12.]

On April 17, 2000, the Plaintiff filed a motion for summary judgment acknowledging that within days after the Plaintiff filed its complaint in the adversary proceeding, the Debtors surrendered the vehicle. [Adv.Doc. # 20–1, pp. 3–4 and attached Ex. 1.] However, according to the Plaintiff, the turnover occurred only after long and intentional delays which continued even after the Plaintiff obtained relief from stay. [*Id.*]. Attached to the Plaintiff's motion is the affidavit of Sheila A. Mason, a repossession agent of the Plaintiff, who attests to the many attempts, made between May and October of 1999, to obtain the vehicle from the Debtors who thwarted these attempts by such actions as parking the car down a narrow alley and using a "club" on the steering wheel to immobilize the car. [*Id.*, Ex. 1.] The vehicle was eventually returned to the Plaintiff in October of 1999 and, subsequently, the Plaintiff sold the car for $5,000 or $4,359.50 in net proceeds. [*Id.* Exs. 1 and 2.] After crediting the Debtors for the net proceeds received from the sale of the car, the Plaintiff had a deficiency claim totaling $11,981.81. [*Id.*, Ex. 2.] The Plaintiff requests the court grant the Plaintiff summary judgment declaring the remaining deficiency claim nondischargeable under 11 U.S.C. § 523(a)(6).

The Debtors did not respond to the Plaintiff's motion, but filed their own motion for summary judgment. [Adv.Doc. # 21–1.] The Debtors assert that the Plaintiff is not entitled to have the deficiency balance declared nondischargeable because the Plaintiff cannot show that the balance was a result of any post-petition action by the Debtors. [*Id.*] Instead, the deficiency balance arises from the simple fact that the value of the vehicle sold at auction was substantially less than the amount of the loan. [*Id.*] Thus, the Debtors' post-petition actions cannot constitute a basis for determining the entire balance of the Plaintiff's pre-petition claim nondischargeable under 11 U.S.C. § 523(a)(6).

## SUMMARY JUDGMENT STANDARD

The appropriate standard to be used by the court to address the parties' cross motions for summary judgment is contained in Fed.R.Civ.P. 56(c) and incorporated in bankruptcy adversary proceedings by reference in Fed.R.Bankr.P. 7056. Rule 56(c) states in part that a court must grant summary judgment to the moving party if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). In order to prevail, the movant, if bearing the burden of persuasion at trial, must establish all elements of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the burden is on the nonmoving party at trial, the movant must: 1) submit affirmative evidence that negates an essential element of the nonmoving party's claim; or 2) demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.* at 331–332, 106 S.Ct. 2548. Thereafter, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 586–588, 106 S.Ct. 1348.

## LEGAL ANALYSIS

The Plaintiff alleges that the Debtors' post-petition actions to thwart repossession of the automobile are "willful and malicious" and constitute a basis for converting its unsecured pre-petition deficiency balance from a dischargeable to a nondischargeable debt. In their motion for summary judgment, the Debtors assert that, as a matter of law, their post-petition actions, even if "willful and malicious," are not the cause of the pre-petition debt and thus, not a basis for making the deficiency balance nondischargeable.

■ Section 523(a)(6) of the Bankruptcy Code makes a debt for a "willful and malicious injury" by the debtor nondischargeable. 11 U.S.C. § 523(a)(6). For a debt to fall within this exception to discharge, the creditor has the burden of proving that it sustained an injury *as a result* of a willful and malicious act by the debtor. *Rezin v. Barr (In re Barr),* 194 B.R. 1009, 1024 (Bankr.N.D.Ill.1996). Thus, a debtor's actions must be determined to be the cause of the creditor's injury. In this case, there is no dispute that the creditor's "injury," the deficiency balance, is a pre-petition debt. Even if the Debtors' alleged post-petition actions to thwart repossession of the creditors' security are proven true, they cannot be the cause of the creditor's pre-petition claim. Consequently, these actions do not form the basis for declaring the deficiency debt nondischargeable under § 523(a)(6). For this reason, the court will grant the Debtors' motion for summary judgment.

Although, technically, the Plaintiff has chosen an inappropriate method to obtain a judicial remedy against the Debtors, the court is concerned with the serious nature of the Debtors' alleged actions to hinder repossession. The Plaintiff's filings suggest that the Debtors violated 11 U.S.C. § 521(2)(B) by failing to comply with their statement of intention and, in addition, refused to turn over the collateral even after this court granted the Plaintiff relief from stay. [Adv.Doc. # 1–1, ¶ 9; Adv.Doc. # 20–1.] Based on these serious allegations, the court would entertain a motion, filed by the Plaintiff in the underlying bankruptcy case, for sanctions or damages against the Debtors if that motion is filed

*within thirty (30) days* from the date this decision is entered. *See In re Gregg,* 199 B.R. 404, 408–409 (Bankr.W.D.Mo.1996) (using 11 U.S.C. § 105 to enforce the provisions of § 521 and to require the debtors to pay for the use of the collateral they retained beyond the 45 day performance period allowed by § 521(2)(B)).

■ The court will leave it to the Plaintiff to decide whether to pursue the above course of action or, instead, to pursue state court remedies. Although not alleged, to the extent the Plaintiff suffered post-petition damages caused by the Debtors' post-petition actions, such damages are outside the Debtors' bankruptcy and discharge. *See Thomas v. Herzog (In re Thomas),* 133 B.R. 92, 95 (Bankr.N.D.Ohio 1991) ("... any damages experienced ... as a result of [a debtor's] post-petition actions are not dischargeable. A discharge extends only to those pre-petition debts listed on [a debtor's] petition."). Thus, the Plaintiff may seek relief for damages in a state court venue.

### CONCLUSION

The Debtors' post-petition actions are separate and distinct from the Plaintiff's pre-petition claim. Therefore, the post-petition actions do not constitute a basis for declaring the claim nondischargeable under 11 U.S.C. § 523(a)(6). Consequently, the Debtors' motion for summary judgment is granted and the Plaintiff's motion for summary judgment is denied. Any action against the Debtors for their alleged violations of 11 U.S.C. § 521(2)(B) that the Plaintiff wishes to take in the bankruptcy case, must be filed within thirty (30) days.

**It is so ordered.**